**ALLSTATE INSURANCE COMPANY, Relator,**

v.

**The Honorable Ricardo GARCIA, Respondent.**

**No. 04–91–00656–CV.**

Court of Appeals of Texas, San Antonio.

Jan. 9, 1992.

M.W. Meredith, Jr., Roberta J. Hegland, Meredith, Donnell & Abernethy, Corpus Christi, for relator.

Nancy M. Simonson, Canales & Simonson, P.C., Corpus Christi, J. Stuart Fryer,

Mullins & Fryer, Hallettsville, Ken Dahlberg, Wood & Burney, Corpus Christi, for respondent.

Before CHAPA, BIERY and GARCIA, JJ.

CHAPA, Justice.

Relator seeks this court to issue a writ of mandamus compelling the district court of Duval County to vacate his order denying relator's plea in abatement and to enter an order abating the suit in his court. We deny relator's motion for leave to file the petition.

Relator (Allstate Insurance Company) filed suit in Randall County, Texas, against the real party in interest, Carlos Saenz, Sr., to declare that an automobile insurance policy issued by relator to Mr. Saenz was terminated by his subsequent purchase of insurance from another company. Mr. Saenz filed a counterclaim to recover the amount of the policy for an automobile accident suffered by him and his family. Mr. Saenz, ten months after relator filed its suit, filed suit against relator in Duval County, Texas. In his suit, Mr. Saenz demanded the amount of the policy due for the accident as well as damages for the insurer's alleged bad faith in declaring the policy terminated. Relator filed a motion to abate this suit because it involved the same parties and issues as those raised in the Randall County suit—thus giving the Randall County district court exclusive dominant jurisdiction as the court first obtaining jurisdiction over the parties and issues. The Duval County district court overruled relator's plea in abatement.

■ Relator petitions this court to entertain his petition for writ of mandamus to compel the Duval County court to abate the pending action. We deny relator leave to file the petition for writ of mandamus because it has an adequate remedy by appeal.[1]

■ Remedy by mandamus is available to resolve a conflict in jurisdiction between courts of coordinate jurisdiction only when the trial court first taking jurisdiction has been stopped from proceeding (e.g. when the second court enjoins the parties from taking any more action in the first court). *Abor v. Black*, 695 S.W.2d 564, 567 (Tex. 1985); *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex.1974); *Texas Commerce Bank, N.A. v. Prohl*, No. 04–91–00627–CV (Tex.App.—San Antonio, Jan. 9, 1992) (orig. proceeding) (not yet reported); *Trapnell v. Hunter*, 785 S.W.2d 426, 429 (Tex.App.—Corpus Christi 1990, orig. proceeding); *Owens v. Moore*, 778 S.W.2d 151, 152–53 (Tex.App.—Houston [1st Dist.] 1989, orig. proceeding); *see Conn v. Campbell*, 119 Tex. 82, 24 S.W.2d 813, 815 (1930); *Cleveland v. Ward*, 116 Tex. 1, 285 S.W. 1063, 1069, 1072 (1926); *Hardy v. McCorkle*, 765 S.W.2d 910, 913 (Tex.App.—Houston [1st Dist.] 1989, orig. proceeding).

When, as here, the trial court has not been prevented from proceeding or has not refused to proceed to trial, the appropriate remedy is by appeal. In this case, the litigants still have a forum and an opportunity to appeal upon a final judgment from the Duval County court. *Trapnell v. Hunter*, 785 S.W.2d at 429; *see Curtis v. Gibbs*, 511 S.W.2d at 267.

Relator's motion for leave to file petition for writ of mandamus is denied.

I concur in the result with the same concerns and for the same reasons enunciated in my concurrence *Texas Commerce Bank, N.A. v. Prohl*, No. 04–91–00627–CV (Tex.App.—San Antonio, Jan. 9, 1992, orig. proceeding) (not yet reported).

---

1. We note that this court has recently decided the same issue concerning the availability of mandamus in this type of plea in abatement case. *See Texas Commerce Bank, N.A. v. Prohl*, No. 04–91–00627–CV (Tex.App.—San Antonio, Jan. 9, 1992, orig. proceeding) (not yet reported).