**DALLAS FIRE INSURANCE COMPANY and Classic Syndicate, Inc.**

v.

**Fred W. DAVIS.**

**No. 2–94–215–CV.**

Court of Appeals of Texas, Fort Worth.

Feb. 15, 1995.

Thomas S. Brandon, Jr., Michener, Larimore, Swindle, Whitaker, Flowers, Sawyer, Reynolds & Chalk, L.L.P., Fort Worth, Veronica M. Bates, Alissa K. Kirksey, Charles T. Frazier, Jr., Cowles & Thompson, P.C., Dallas, for relator.

Robert Underwood, Carthage, for respondent.

Before LATTIMORE and DAY, JJ.

DAY, Justice.

In this original proceeding, the trial court abated the underlying suit in favor of a later-filed, related suit pending in another county. We conditionally grant the writ of mandamus.

The background of this proceeding is factually and procedurally complicated. Relators are two insurance companies, Dallas Fire Insurance Company (Dallas Fire) and Classic Syndicate, Inc. (Classic).[1] Dallas Fire issued a business auto liability policy to Bennett Rathole Service, Inc. (Bennett Rathole) with a policy period from March 2, 1993 to March 2, 1994. Classic issued a commercial general liability insurance policy

---

1. Only Dallas Fire originally filed this proceeding. Classic joined this proceeding as a co- relator with leave of court, adopted Dallas Fire's petition, and seeks the same relief as Dallas Fire.

to Bennett Rathole with a policy period from March 2, 1993 to March 2, 1994.

On March 31, 1993, Tommy Joyce Williams II, an employee of Bennett Rathole, was driving a truck pulling a trailer loaded with a large tin culvert. The culvert came off the trailer and struck a vehicle driven by Sonya Rancel. Rancel and her passenger, Harvey Grayson, were injured in the accident. The accident occurred in Leon County.

On April 13, 1993, Rancel and Grayson (the Rancel Plaintiffs) filed a personal injury suit in Leon County (the Leon County action) against Bennett Rathole, Lamon Lynn Bennett, and Williams (the Bennett Defendants). Dallas Fire assumed the defense of the Bennett Defendants in the Leon County action under a reservation of rights letter dated June 3, 1993. Classic had denied coverage in a letter dated April 29, 1993.

On August 20, 1993, Dallas Fire sued the Bennett Defendants in Tarrant County (the Tarrant County action) for a declaratory judgment that the truck involved in the accident was not covered under Bennett Rathole's Dallas Fire policy and that Dallas Fire thus had no duty to defend or duty to indemnify the Bennett Defendants in the Leon County action under the Dallas Fire policy.

On September 1, 1993, the Bennett Defendants filed a declaratory judgment action against Dallas Fire, Classic, and Bobby Lane, an insurance agent, in Panola County District Court (the first Panola County action), requesting a declaration of coverage under the policies of Dallas Fire and Classic.

In February 1994, the Rancel Plaintiffs and the Bennett Defendants entered into an agreement to delay collection of any judgment the Rancel Plaintiffs may obtain against the Bennett Defendants in the Leon County action while the Bennett Defendants exhausted their legal efforts against Dallas Fire and Classic. In the agreement, the Bennett Defendants agreed to waive a jury trial in the Leon County action, to accept the trial court's findings of fact, and to forego an appeal. Also, contingent on the entry of a judgment against them in the Leon County action, the Bennett Defendants assigned to the Rancel Plaintiffs all of their interests in the Dallas Fire and Classic policies and one-half of all causes of action they may have against Dallas Fire and Classic. The Bennett Defendants also dismissed the attorney Dallas Fire had been providing and obtained their own counsel.

Meanwhile, in the Tarrant County action, the Bennett Defendants filed a Motion to Transfer Venue and a "Plea to the Jurisdiction/Plea in Abatement." After a hearing, the trial court, with a visiting judge presiding, denied the Bennett Defendants' motions in a February 27, 1994 order. The Bennett Defendants sought reconsideration of the venue ruling, but the trial court ultimately declined to reconsider it.

On April 4, 1994, Classic intervened in the Tarrant County action and, like Dallas Fire, sought a declaratory judgment that it did not have coverage for the Bennett Defendants and did not have a duty to defend or indemnify them in the Leon County action.

The Leon County action was tried on April 15, 1994. After a one-day nonjury trial, the Rancel Plaintiffs obtained a $2.33 million judgment against Bennett Rathole and Williams. A take-nothing judgment was entered in favor of Bennett.

In the first Panola County action, Dallas Fire filed a plea in abatement because of the pending Tarrant County action. In a May 10, 1994 order, the first Panola County action was abated until the venue issue was resolved in the Tarrant County action. Dallas Fire also sought to have venue of the first Panola County action transferred to Tarrant County, but that motion was denied.

On July 13, 1994, the Bennett Defendants dismissed the first Panola County action. Also on July 13, 1994, the Rancel Plaintiffs [2] filed suit in county court in Panola County (the second Panola County action) against Dallas Fire, Classic, Bennett Rathole, and Williams to collect on the judgment from the

2. At that time, both Rancel and Grayson had died, so the Rancel Plaintiffs were actually Rancel's estate and Grayson's heirs.

Leon County action. The Rancel Plaintiffs, as assignees, also sued Bennett Rathole's insurance agent, Bobby Lane and his agency, D.T. Bobby Lane Insurance Agency, Inc., for negligence.

On August 12, 1994, Dallas Fire amended its petition in the Tarrant County action and added the Rancel Plaintiffs as named defendants.

On August 19, 1994, a hearing was held in the Tarrant County action on the Bennett Defendants' second motion to abate, which had been filed on or about July 20, 1994. In an order dated October 6, 1994, the trial court abated the Tarrant County action until entry of a final judgment in the second Panola County action. It is this abatement order that is the subject of this mandamus proceeding.

Finally, after this mandamus proceeding was filed, in the second Panola County action, Bennett Rathole and Williams filed crossclaims against Dallas Fire, Classic, and Lane, alleging various tort and statutory causes of action, and the Rancel Plaintiffs filed an amended petition and, as assignees, added various tort and statutory causes of action against Dallas Fire, Classic, and Lane.

In its petition for writ of mandamus, Dallas Fire (and Classic) claims that the Tarrant County action had dominant jurisdiction and that the respondent trial judge had no discretion to abate it in favor of the later-filed second Panola County action.

■ In deciding whether a writ of mandamus is appropriate, we recognize that mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992); *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985). A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable to amount to a clear and prejudicial error of law. *Walker,* 827 S.W.2d at 839; *Johnson,* 700 S.W.2d at 917.

■ With respect to the resolution of factual issues or matters committed to the trial court's discretion, the appellate court may not substitute its judgment for that of the trial court unless the trial court could reasonably have reached only one decision and the trial court's decision is shown to be arbitrary and unreasonable. *Walker,* 827 S.W.2d at 839–40; *Johnson,* 700 S.W.2d at 917–18.

■ With respect to a trial court's determination of the legal principles controlling its ruling, our review is much less deferential because a trial court has no discretion in determining what the law is or in applying the law to the facts. *Walker,* 827 S.W.2d at 840. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion and may result in mandamus. *Id.*

■ Finally, mandamus will issue only where there is no adequate remedy at law, such as a normal appeal. *Walker,* 827 S.W.2d at 840; *Jampole v. Touchy,* 673 S.W.2d 569, 572–73 (Tex.1984). An appellate remedy is not inadequate merely because it might involve more expense or delay than obtaining a writ of mandamus. *Walker,* 827 S.W.2d at 842; *Iley v. Hughes,* 158 Tex. 362, 311 S.W.2d 648, 652 (1958).

In *Curtis v. Gibbs,* 511 S.W.2d 263 (Tex. 1974), the supreme court stated the principle of dominant jurisdiction:

The general common law rule in Texas is that the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other coordinate courts. *Cleveland v. Ward,* 116 Tex. 1, 285 S.W. 1063 (1926), *Ex parte Lillard,* 159 Tex. 18, 314 S.W.2d 800 (1958). Any subsequent suit involving the same parties and the same controversy *must* be dismissed if a party to that suit calls the second court's attention to the pendency of the prior suit by a plea in abatement. If the second court refuses to sustain a proper plea in abatement, or attempts to interfere with the prior action, this court has the power to act by mandamus or other appropriate writ to settle the conflict of jurisdictions.

*Id.* at 267 (emphasis added); *see also Wyatt v. Shaw Plumbing Co.,* 760 S.W.2d 245, 247–48 (Tex.1988) (holding the same). This court has addressed the issue as well:

Where two actions involving the same subject matter are brought in different courts having concurrent jurisdiction, "the court which first acquires jurisdiction, its power being adequate to administer full justice to the rights of all concerned, should retain such jurisdiction, undisturbed by the interference of any other court, and dispose of the whole controversy." *Wheeler v. Williams,* 158 Tex. 383, 312 S.W.2d 221, 228 (1958).

*Latham v. Thornton,* 806 S.W.2d 347, 350 (Tex.App.—Fort Worth 1991, orig. proceeding).

■ "It is not required that the exact issues and all the parties be included in the first action before the second is filed, provided that the claim in the first suit may be amended to bring in all necessary and proper parties and issues." *Wyatt,* 760 S.W.2d at 247. The test is whether there is an "inherent interrelation" of the subject matter in the two suits, and the court should be guided in part by rule 97(a), the compulsory counterclaim rule. *Id.; see* TEX.R.CIV.P. 97(a). As long as the forum of the first action is proper, the plaintiff's choice of forum must be respected, and the defendants "are simply not at liberty to decline to do battle in the forum chosen by the plaintiff." *Wyatt,* 760 S.W.2d at 248.

If the above circumstances are met, the trial court in the second action has *no discretion* to deny a plea in abatement in favor of the first action. *Id.*

■ Dallas Fire argues that when the principle of dominant jurisdiction applies and the trial court in a second action has no discretion to refuse to abate the second in favor of the first, likewise, the trial court in the first action has no discretion to abate it in favor of the second action. *Cf. Trapnell v. Hunter,* 785 S.W.2d 426 (Tex.App.—Corpus Christi 1990, orig. proceeding) (where trial court in first filed state court suit abated in favor of later filed, related federal court suit, yet federal court had stayed federal suit, mandamus was appropriate to compel state court to vacate abatement). We cannot find fault in this logic and agree with it. To hold otherwise would emasculate the principle of dominant jurisdiction and wrongly encourage

the filing of multiple lawsuits and forum-shopping.

■ We hold that the principle of dominant jurisdiction applies, that the Tarrant County action acquired dominant jurisdiction, and that respondent had no discretion to abate it in favor of the later-filed second Panola County action. Relators' declaratory judgment claims and the Rancel Plaintiffs' collection claim involve the same parties and the same controversy and subject matter—there is an "inherent interrelation" of the subject matter of the two suits. *See Wyatt,* 760 S.W.2d at 247. Furthermore, as alleged by Dallas Fire and agreed to by the Bennett Defendants' counsel at oral argument, the collection claim against relators' insurance policies and the tort claims against relators are compulsory counterclaims to relators' declaratory judgment claims. *See id.* at 247; *see also* TEX.R.CIV.P. 97(a). Finally, the fact that the Rancel Plaintiffs were not named as parties in the Tarrant County action until after the second Panola County action was filed does not mean that the Tarrant County action did not have dominant jurisdiction. *Wyatt,* 760 S.W.2d at 247.

The Bennett Defendants advance several arguments against the application of the principle of dominant jurisdiction, all of which we reject. First, they contend that because relators' claims are for declaratory relief, respondent had broad discretion in deciding whether to go forward with them. The cases they cite, however, are not supportive because they only concern the decision *to grant* declaratory relief, which is not an issue here. *E.g., Crawford v. City of Houston,* 600 S.W.2d 891, 894 (Tex.Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.) ("It is also settled that the *entry* of a declaratory judgment rests within the sound discretion of the trial court.") (emphasis added).

The Bennett Defendants also cite section 37.008 of the Declaratory Judgments Act to argue that the trial court could refuse to proceed with relators' declaratory judgment claims because those claims will not terminate the uncertainty or controversy. That section provides: "The court may refuse *to*

*render or enter* a declaratory judgment or decree if the judgment or decree would not terminate the uncertainty or controversy giving rise to the proceeding." TEX.CIV.PRAC. & REM.CODE § 37.008 (Vernon 1986) (emphasis added). There is no indication that the trial court abated this case under section 37.008.[3] In any event, a decision on relators' declaratory judgment claims will resolve the controversy over coverage and relators' liability under their respective policies to the Rancel Plaintiffs. Moreover, the coverage issue will likely be determinative of many of the tort and statutory claims (*e.g.*, their *Stowers* claim) asserted against relators by the Bennett Defendants and the Rancel Plaintiffs, which, as noted above, are compulsory counterclaims. And finally, like the case law relied on by the Bennett Defendants, section 37.008 concerns a trial court's decision to award ("to render or enter") declaratory relief on the merits, not a decision to abate a case in favor of another.

The Bennett Defendants also argue that respondent properly abated this case because the principle of dominant jurisdiction does not apply because the venue of this case is improper in Tarrant County. The venue issue is irrelevant to the issue before us, and we decline to revisit it, *see* TEX.R.CIV.P. 87(6) (prohibiting interlocutory appeals of venue rulings), just as respondent correctly declined. *See* TEX.R.CIV.P. 87(5) (prohibiting rehearings of venue rulings).

██ The Bennett Defendants correctly point out but erroneously rely on three exceptions to the principle of dominant jurisdiction. Those exceptions are: (1) conduct by a party that estops it from asserting prior active jurisdiction; (2) lack of parties to be joined if feasible; and (3) lack of intent to prosecute the first action. *Wyatt*, 760 S.W.2d at 248.

The Bennett Defendants claim that Dallas Fire is estopped from asserting dominant jurisdiction because: (1) Dallas Fire allegedly made representations in the trial court that contradict its position on dominant juris-

diction in this mandamus proceeding; and (2) Dallas Fire engaged in inequitable conduct with regard to the timing of the filing of the Tarrant County action.

Regarding the alleged contradictory representations, the Bennett Defendants point to a sentence in a letter brief of Dallas Fire's to the trial court. In doing so, however, they take the sentence both out of context and quote it incompletely. In the sentence Dallas Fire merely paraphrased the Bennett Defendants' position. This estoppel claim wholly lacks merit.

In their other estoppel claim, the Bennett Defendants claim that Dallas Fire used improperly acquired information about the Bennett Defendants' strategy that enabled Dallas Fire to file the Tarrant County action first. In making this claim, the Bennett Defendants rely on their attorney's affidavit that was filed with their "Amended Motion for Rehearing or Reconsideration of Motion to Transfer Venue." In response, Dallas Fire's attorney has filed an affidavit in this court denying and controverting the allegations of impropriety.

██ The affidavit of the Bennett Defendants' attorney was filed in the trial court in connection with an earlier, unrelated motion, but the estoppel claim now being urged was not set forth in the Bennett Defendants' motion to abate that was granted, nor was it argued at the hearing on the motion to abate. Because the estoppel claim was not properly raised in the trial court, this court cannot consider it in this original proceeding. *See West v. Solito*, 563 S.W.2d 240, 244–45 (Tex. 1978); *H.E. Butt Grocery Co. v. Williams*, 751 S.W.2d 554, 556 (Tex.App.—San Antonio 1988, orig. proceeding); *see also* TEX. R.APP.P. 52(a). An appellate court cannot decide disputed fact issues in a mandamus proceeding. *Hooks v. Fourth Court of Appeals*, 808 S.W.2d 56, 60 (Tex.1991); *Brady v. Fourteenth Court of Appeals*, 795 S.W.2d 712, 714 (Tex.1990) (op. on reh'g); *West*, 563 S.W.2d at 245.

---

**3.** In a letter to the parties announcing his ruling, respondent wrote: "It appears to me that all the issues can be resolved in Panola County between these parties. It also seems appropriate that the matter be resolved there. I am going to grant Defendant's motion to abate this case at this point."

The Bennett Defendants next argue that the Tarrant County action does not have dominant jurisdiction because Lane and his insurance company are necessary parties who have not been joined. If Lane and his insurance company are necessary parties, which we need not determine, the Bennett Defendants have not shown any impediment to their joinder and may join them if they are indeed necessary parties. *See Wyatt,* 760 S.W.2d at 247.

Without any factual support, the Bennett Defendants allege that Dallas Fire filed the Tarrant County action without any intent to prosecute it. Dallas Fire, on the other hand, has filed copies of its discovery efforts, which indicate a clear intent to prosecute.

█ Finally, the Bennett Defendants argue that mandamus relief would be inappropriate because relators have an adequate remedy by appeal. We disagree. It is true that mandamus ordinarily does not lie to correct an incidental trial court ruling on a plea to the court's jurisdiction or a plea in abatement because the remedy of appeal is usually adequate. *See Canadian Helicopters Ltd. v. Wittig,* 876 S.W.2d 304, 306 (Tex. 1994); *Walker,* 827 S.W.2d at 840–42; *Pope v. Ferguson,* 445 S.W.2d 950, 954 (Tex.1969), *cert. denied,* 397 U.S. 997, 90 S.Ct. 1138, 25 L.Ed.2d 405 (1970). However, the remedy of appeal is deemed inadequate in cases where there is a conflict in jurisdiction between courts of coordinate jurisdiction and the proceedings in the trial court first taking jurisdiction have been improperly enjoined by the second court, or the first court has refused to proceed to trial. *Abor v. Black,* 695 S.W.2d 564, 567 (Tex.1985); *Allstate Ins. Co. v. Garcia,* 822 S.W.2d 348, 349 (Tex.App.—San Antonio 1992, orig. proceeding); *Trapnell,* 785 S.W.2d at 429; *see Curtis,* 511 S.W.2d at 267.

Therefore, we hold that when, as here, there is a conflict in jurisdiction between two courts of coordinate jurisdiction and the court with dominant jurisdiction abates the first action for an indefinite period of time, mandamus will lie to compel the court with dominant jurisdiction to proceed to trial and judgment.

In conclusion, we hold that the trial court had no discretion to grant the motion to abate and that mandamus is available to correct this extraordinary type of plea in abatement case. We conditionally grant relators' petition for writ of mandamus. A writ will issue only if respondent fails to vacate his order of abatement.