**Opinion issued February 5, 2015**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-13-01077-CV

_____

**KATHERINE R. WARREN, AS NEXT FRIEND OF M.H.W., A MINOR, BENEFICIARY OF THE M.H.W. 2000 TRUST, Appellant**

**V.**

**ANDY I. WEINER, TRUSTEE OF THE M.H.W. 2000 TRUST, Appellee**

**On Appeal from the Probate Court No. 4
Harris County, Texas
Trial Court Case No. 425578**

## O P I N I O N

In probate court, Katherine Warren petitioned to modify a trust, granted for the benefit of her minor son. The probate court dismissed her suit for lack of subject matter jurisdiction because the trustee parents are divorced and their obligations to each other and their children were defined in family law

proceedings. Because the probate court had jurisdiction over Warren's claims, we reverse.

## Background

In 1999, husband and wife Andy Weiner and Katherine Warren had their third son, M.H.W. The next year, they created an irrevocable trust, calling it the M.H.W. 2000 Trust, for M.H.W.'s benefit. They named themselves as co-trustees.

Weiner and Warren divorced in 2012. Their divorce decree in part addressed the M.H.W. 2000 Trust and similar trusts Weiner and Warren had created for their other children, as follows:

> IT IS ORDERED that the following children's trusts are held in irrevocable trusts, which shall continue as written, and that each party will take any and all necessary steps to provide full co-trustee ownership and control of each such account including the placing of such accounts in a deposit and withdrawal agreement requiring both co-trustees to disburse funds . . . .

Since their divorce, Weiner and Warren have disagreed over various aspects of the management of the children's trusts; each has accused the other of violating the trusts' terms.

In August 2013, Weiner petitioned in family court for a modification of the parent–child relationship between Weiner and two of his children; by then, the third child had attained the age of majority. A month later, Warren commenced this action in probate court, requesting that the M.H.W. 2000 Trust be terminated and the trust estate distributed to a Uniform Transfers to Minors Act account, with

2

Warren as its sole custodian. Alternatively, she asked the probate court to remove Warren and Weiner as trustees and appoint an independent trustee. She filed her original petition in her capacity as co-trustee of the M.H.W. 2000 Trust, but later amended her petition to assert claims only as next friend for M.H.W.

In response, Weiner amended his petition in the family court case to request that the family court appoint him the exclusive manager of the children's estates, including their trusts. He also filed a plea to the jurisdiction, a plea in abatement, and an answer in the probate court proceeding. Weiner argued that the probate court lacked subject-matter jurisdiction over Warren's suit because the family court has continuing, exclusive jurisdiction over Warren's claims. In the alternative, he argued that the probate proceeding should be abated until the family court ruled on his petition to modify his parent–child relationship with his minor sons. The probate court granted the jurisdictional plea, and Warren appeals from its order.

*Standard of Review*

"Whether a court has subject matter jurisdiction is a question of law that we review de novo." *City of Dallas v. Carbajal*, 324 S.W.3d 537, 538 (Tex. 2010); *see also Tex. Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 388 (Tex. 2011). In reviewing a trial court's order on a plea to the jurisdiction, we examine only the plaintiff's pleadings and the evidence pertinent to the jurisdictional

3

inquiry. *State v. Holland*, 221 S.W.3d 639, 642–43 (Tex. 2007) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004)). We construe the pleadings liberally in favor of the plaintiff. *Id.*

"[T]he interpretation of a statute [is] a matter of law," which we review de novo. *Enter. Leasing Co. of Hous. v. Harris Cnty. Toll Rd. Auth.*, 356 S.W.3d 85, 89 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *see also State v. Heal*, 917 S.W.2d 6, 9 (Tex. 1996).

*Applicable Law*

The Texas Family Code confers continuing, exclusive jurisdiction in the family courts over matters relating to the parent–child relationship. TEX. FAM. CODE ANN. § 155.001(a) (West 2012) ("Except as otherwise provided by this section, a court acquires continuing, exclusive jurisdiction over the matters provided for by this title in connection with a child on the rendition of a final order."). A family court's jurisdiction remains exclusive over related later-filed proceedings: "If a court of this state has acquired continuing, exclusive jurisdiction, no other court of this state has jurisdiction of a suit with regard to that child," with exceptions not relevant here. *Id.* § 155.001(c). Section 101.032 of the Family Code provides that a suit affecting the parent–child relationship is a suit "in which the appointment of a managing conservator or a possessory conservator, access to or support of a child, or establishment or termination of the parent–child

4

relationship is requested." TEX. FAM. CODE ANN. § 101.032; *see Chalu v. Shamala*, 125 S.W.3d 737, 738 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

In contrast, trusts are regulated by the Estates Code. "In a county in which there is a statutory probate court, the statutory probate court has jurisdiction of: (1) an action by or against a trustee; [and] (2) an action involving an inter vivos trust, testamentary trust, or charitable trust . . . ." TEX. EST. CODE ANN. § 32.006 (West Supp. 2014). "A statutory probate court has concurrent jurisdiction with the district court in: . . . (2) an action by or against a trustee; [or] (3) an action involving an inter vivos trust . . . ." *Id.* § 32.007 (West Supp. 2014).

*Exclusive Jurisdiction*

Thus, the administration of an inter vivos trust like this one generally is a matter within the jurisdiction of a probate court. *Id.* The issue before us is whether the family court obtained *exclusive* jurisdiction over the management of the M.H.W. 2000 Trust pursuant to the provisions of the 2012 divorce decree. We conclude that it did not. Although the Family Code confers continuing, exclusive jurisdiction upon a family court "over the matters provided for [in the statute] in connection with a child on the rendition of a final order," that jurisdiction is exclusive only insofar as the Family Code is implicated. *See* TEX. FAM. CODE ANN. § 155.001(a).

5

The fact that Weiner and Warren agreed to the terms of the divorce decree, which provided that the trusts would "continue as written," does not deprive the probate court of subject-matter jurisdiction. Parties may neither confer nor waive jurisdiction by agreement. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445–46 (Tex. 1993). Nor does the divorce decree purport to govern administration of the trust. Instead, the decree expressly acknowledges that the trust agreement governs, and requires the parent to continue to seek appointment as co-trustees.

Weiner suggests that the administration of the trust is a child-support issue and thus a dispute about it falls within the exclusive jurisdiction of the family court. We disagree. Although the trust was created for M.H.W.'s benefit, nothing in either the trust agreement or in the divorce decree provides that the trust is to be used as child support. Neither the trust nor the decree requires any trust distributions before M.H.W. reaches the age of 30.

Both parties rely on *Barrientos v. Nava*, 94 S.W.3d 270 (Tex. App.— Houston [14th Dist.] 2002, no pet.), in which our sister court considered whether the family court had continuing, exclusive jurisdiction over a suit to recover the benefits of life insurance policies. 94 S.W.3d at 275–76. The *Barrientos* court held that the family court had jurisdiction over the mother's suit against the children's grandmother because the life insurance policies replaced child support that was lost

when the father violated the divorce decree. *Id.* at 278. The court further held that that judicial economy and practical considerations made it appropriate for the family court to hear additional claims indirectly related to the support obligation. *Id.* at 279. "As a court of general jurisdiction in which family matters merely take precedence, the family district court was clearly permitted to hear and decide the trust issues in [the] case." *Id.* Nothing in *Barrientos* suggests that the family court had *exclusive* jurisdiction over claims involving funds not designated as child support; rather, the court held that the family court had general jurisdiction to hear such claims.

The trust instrument, not the divorce decree, governs the administration of the trust's assets; a modification to the terms of the trust is not a child-support matter exclusive to the family court's jurisdiction. Because the administration of the M.H.W. 2000 Trust is not a child-support matter as the Family Code defines it, the probate court had jurisdiction to hear the dispute. *Compare* TEX. FAM. CODE ANN. §§ 155.001(a) (scope of family court's exclusive jurisdiction), 155.003(a) (exercise of that jurisdiction) *with* TEX. EST. CODE ANN. §§ 32.006 (scope of probate court's jurisdiction), 32.007 (scope of concurrent jurisdiction of probate and district courts).

*Dominant Jurisdiction*

The trial court's order did not abate this suit in favor of the family court. Instead, the court granted the plea to the jurisdiction and dismissed Warren's claims. "The general common law rule in Texas is that the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other coordinate courts." *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex. 1974). "Any subsequent suit involving the same parties and the same controversy must be dismissed if a party to that suit calls the second court's attention to the pendency of the prior suit by a plea in abatement." *Id.* To obtain a dismissal of the probate suit on the basis that the family court had acquired dominant jurisdiction, Weiner must show that (1) the family court proceeding commenced first, (2) that suit is still pending, (3) the same parties are involved, and (4) the controversies are the same. *In re Sims*, 88 S.W.3d 297, 303 (Tex. App.—San Antonio, orig. proceeding); *see also Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 247–48 (Tex. 1988). "It is not required that the exact issues and all the parties be included in the first action before the second is filed, provided that the claim in the first suit may be amended to bring in all necessary and proper parties and issues." *Wyatt*, 760 S.W.2d at 247. The test is whether there is an inherent interrelation of the subject matter in the two suits. *Id.*; *see also Dallas Fire Ins. Co. v. Davis*, 893 S.W.2d 288, 292 (Tex. App.—Fort Worth 1995, orig. proceeding).

In urging that we abate the probate proceeding, Weiner argues that the probate claims relate back to the original divorce proceeding under Section 16.068 of the Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 16.068 (West 2012). But a pleading does not relate back if "the amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence." *Id.* The parties' trust-management claims do not relate back to the original family court petition under Section 16.068 because they arose post-divorce. Nor did M.H.W. appear as a party, as required by law in a suit concerning a trust. *See* TEX. PROP. CODE ANN. § 115.011 (West 2012) (beneficiary of trust is necessary party to proceeding concerning trust, including proceeding to appoint or remove trustee).

In contrast to this probate court proceeding, the family court suit was a divorce proceeding between Weiner and Warren in their individual capacities and a suit affecting the parent-child relationship under the Family Code. The children and the trusts were not parties to the divorce, nor did Weiner and Warren appear in their capacities as co-trustees or as next friends of M.H.W. While the family court appointed an amicus attorney to protect the interests of M.H.W. and another of the children, the amicus did not represent M.H.W. Rather, the role of amicus attorney "is to provide legal services necessary to assist the court in protecting a child's best

interests rather than to provide legal services to the child." TEX. FAM. CODE ANN. § 107.001(1) (West 2012).

Nor does Weiner's amended petition in family court relate back to his original petition. The original petition made no mention of the trust-administration dispute, and it was only after Warren filed suit in family court over that dispute that Weiner asserted claims related to administration of the trusts. The two suits were not so inherently interrelated as to confer dominant jurisdiction over the trust claims on the family court. *See Wyatt*, 760 S.W.2d at 247; *Dallas Fire Ins.*, 893 S.W.2d at 292.

Given these differences between the family court and probate court proceedings, Weiner did not meet his burden to demonstrate facts sufficient to support his plea in abatement and dismissal. Accordingly, the probate court erred in dismissing Warren's suit on the basis of a pending proceeding in which another court already had acquired dominant jurisdiction.[*]

## Conclusion

Because the Probate Code, and not the Family Code, governs administration of the M.H.W. 2000 Trust, we hold that a suit regarding the management and proposed dissolution of the trust does not fall within the exclusive jurisdiction of

---

[*] We express no opinion on whether the probate court could have stayed, rather than dismissed, the probate court proceeding pending resolution of the family court suit regarding whether Weiner or Warren have violated the divorce decree in their administration of the trust.

10

the family court.  We reverse the order of dismissal and remand the case to the probate court for further proceedings.


Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.