Bell, J.
—We are of opinion that the court below erred in sustaining the plea to the jurisdiction. The evidence *294 shows that no clerk of the district court for the new county of "Wilson was elected at the election held in August, A. D. 1860, in pursuance of the provisions of the 2d section of the act creating the county of Wilson. This was doubtless because there was no provision of law authorizing a district court to be held in the new county. The county of Wilson had not been attached to any judicial district in the State. We must therefore conclude, that it was the intention of the legislature that the inhabitants of the new county should, for judicial purposes, remain under the jurisdiction of the mother county of Bexar, until provision should he made by law for the organization of a court of general jurisdiction in the new county.
The constitution provides, that “every person, for an injury done him in his lands, goods, person, or reputation, shall have remedy by due course of law.” In the present case, the plaintiffs in the court below could have no remedy by due course of law, if there was no tribunal in which they could make their complaint.
We are of opinion that the suit was properly instituted in the District Court for Bexar county. (See the case of O’Shea v. Twohig, 9 Tex., 336.)
Reversed and remanded.