**Albert M. BAER**

v.

**FAHNESTOCK & CO. and S. Frank Bahr.**

**Appeal of S. Frank BAHR.**

**No. 77–1289.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Oct. 20, 1977.

Decided Nov. 9, 1977.

As Amended Nov. 22, 1977.

Morton J. Simon, Jr., Abrahams & Lowenstein, Philadelphia, Pa., for appellant.

André L. Dennis, Stradley, Ronon, Stevens & Young, Philadelphia, Pa., for appellee Fahnestock & Co.

David C. Schattenstein, Perkin, Rapoport & Schattenstein, Allentown, Pa., for appellee Albert M. Baer.

Submitted Under Third Circuit
Rule 12(6) Oct. 20, 1977.

Before ROSENN and VAN DUSEN, Circuit Judges, and STERN, District Judge.*

## OPINION OF THE COURT

PER CURIAM:

In 1972, Albert M. Baer commenced an action against Fahnestock & Co. and S. Frank Bahr alleging violations of various federal security laws. Fahnestock cross-claimed against Bahr for contribution indemnity. Bahr cross-claimed against Fahnestock for $35,000 in retained commissions and for contribution and indemnity.

Fahnestock filed a motion asking that the Bahr cross-claim either a) be abated or b) be stayed. The motion was based on two grounds: first, that a prior New York state action was pending and second, that the commission claim was subject to compulsory arbitration under the rules of the New York Stock Exchange.

On March 23, 1973, the district court entered an order abating Bahr's cross-claim with respect to the claim for retained commissions. Subsequently, the other issues were set for trial. Bahr received notice that the case would be heard on June 11, 1974, however neither Bahr nor any counsel

---

* Honorable Herbert J. Stern, United States District Judge for the District of New Jersey, sitting by designation.

appeared at that trial. As a result, Fahnestock moved for leave to voluntarily withdraw its cross-claim against Bahr and moved to dismiss all of Bahr's claims.

On June 12, 1974, the district court dismissed all of Bahr's claims, including those abated by the March 23, 1973 order, for failure to prosecute. Bahr did not appeal this order or attempt to have it modified or clarified.

In 1975 Bahr filed a claim for his retained commissions with the New York Stock Exchange. Fahnestock opposed the claim on grounds that the district court's order of June 12, 1974 was *res judicata* as to the commission issue. The New York Stock Exchange refused to hear the arbitration unless the June order was amended to show the continued viability of the commission claim.

Bahr moved the district court to vacate a part of the June order pursuant to Fed.R. Civ.P. 60(b)(4), on grounds that that part of the June order dismissing the commission claim was void; first, because the March 23, 1973 order abating the claim had dismissed the action, thus rendering any further action by the court on that issue meaningless; and second, because the failure of the district court to inform Bahr that the commission claim would be the subject of the trial of June 12, 1974 deprived Bahr of due process.

The district court denied Bahr's motion, noting that the trial notice was sufficient to serve due process and that the order of March 23, 1973, abating the commission claim, was equivalent to a stay order, and allowed the court to retain jurisdiction over the issue. Bahr's failure for over nineteen months to seek arbitration was fatal to his attempted review.

▮ We affirm the order of the district court refusing to vacate its June 12, 1974 dismissal, but because of the ambiguity with which the term abatement was used, we feel it is necessary to develop briefly the modern treatment of the term.

Pleas in abatement have had two distinct meanings under our legal traditions: 1) at common law, an abatement was an overthrow of a suit, the equivalent of a dismissal; 2) in equity, an abatement was an interruption or suspension of a suit, the equivalent of a stay of proceedings. See cases collected at 1 C.J.S. Abatement and Revival § 1 at 27 (1936). This same dichotomous meaning has appeared in federal practice as well. *See Aetna State Bank v. Altheimer*, 430 F.2d 750 (7th Cir. 1970) (abatement equal to stay); *Bowles v. Wilke*, 175 F.2d 35 (7th Cir. 1949) (abatement equal to dismissal). Given the ambiguous meaning of the term, it is our view that a district court should not grant an abatement without clarifying whether the abatement is a dismissal or a stay. Here, the ambiguity was enhanced by the alternative orders presented to the court by Fahnestock.

The modern trend is to treat an abatement as a request for a stay of proceedings, foregoing the risk to the parties inherent in an outright dismissal. *See McGreghar & Co. v. Meguiar*, 521 F.2d 822, 823–24 (9th Cir. 1975); *Weiner v. Shearson, Hammill & Co., Inc.*, 521 F.2d 817, 821 (9th Cir. 1975). It is clear from the record that the district court meant by the March 23, 1973 order, to afford Bahr an opportunity to come back to the court in the event that the commission claim was held by the arbitrator to be an improper subject for arbitration. Ordinarily, one in Bahr's position would prefer a stay to an outright dismissal, but through failure to prosecute, this advantageous position was lost by Bahr. Whatever prejudice Bahr has suffered is largely of his own making; it is only because Bahr did nothing for nineteen months to complete his arbitration and because he did not attempt to appeal or modify the March 23, 1973 order that he now must try to vacate that order. He was given fair notice of the trial. On those facts, we hold that the order of abatement was a stay of proceedings on the commission claim and that the claim was subsequently dismissed for failure to prosecute. The district court's order will be affirmed, but a note of caution is sounded for clarity and precision in the use of the term abatement.