**FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,**

**v.**

**The FIRST NATIONAL BANK AND TRUST COMPANY OF OKLAHOMA CITY, a national banking corporation, Defendant.**

**No. CIV–76–0247–D.**

United States District Court, W. D. Oklahoma.

June 21, 1978.

---

Norman E. Reynolds, Oklahoma City, Okl., Jarrel D. McDaniel, Houston, Tex., for plaintiff.

Edward E. Soule, Peter T. VanDyke, Oklahoma City, Okl., John W. Kinslow, Lawton, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

This is an action for the alleged breach of an escrow agreement by the Defendant as escrow agent. It is asserted that this Court has jurisdiction of the matter pursuant to 28 U.S.C. § 1345 and 12 U.S.C. § 1819. Pursuant to the parties' waiver of trial by jury, the action will be tried to the Court sitting without a jury. The matter is now before the Court for consideration of Plaintiff's Motion to Abate or Sever. The Defendant has filed a Brief in response to said motion. The Court will rule on each part of Plaintiff's motion separately.

## ABATE

The Court will treat this portion of Plaintiff's motion as a request for a stay of proceedings.[1] In seeking a stay of this action, Plaintiff indicates that the collateral being held by Defendant pursuant to the escrow agreement at issue herein constituted security for a debt that is involved in the bankruptcy proceeding *International City Bank & Trust Company v. Hogan (In re Gulfco Investment Corporation)*, No. BK–74–484 (W.D.Okl.1977), *appeal docketed*, No. 77–2067 (Tenth Cir. Dec. 19, 1977), which is presently on appeal to the Tenth

---

1. Pleas in abatement have been given two distinct meanings under our legal traditions: (1) at common law, an abatement was an overthrow of a suit, the equivalent of a dismissal; (2) in equity, an abatement was an interruption or suspension of a suit, the equivalent of a stay of proceedings. *See Baer v. Fahnestock & Co.*, 565 F.2d 261 (Third Cir. 1977); *Aetna State Bank v. Altheimer*, 430 F.2d 750 (Seventh Cir. 1970) (abatement equal to stay); *Bowles v. Wilke*, 175 F.2d 35 (Seventh Cir. 1949) (abatement equal to dismissal); 1 Am.Jur.2d *Abatement, Survival, & Revival* §§ 1, 3 (1962); 1 C.J.S. *Abatement and Revival* § 1 (1936). The modern trend is to treat an abatement as a request for a stay of proceedings, foregoing the risk to the parties inherent in an outright dismissal. *Baer v. Fahnestock & Co., supra.*

Circuit Court of Appeals. Plaintiff contends that it would be appropriate for this Court to determine whether the question of damages in the instant case is conditioned upon the recovery that may be made in the aforementioned bankruptcy proceeding, and, that in the event the Court determines that there must be a definitive determination of Plaintiff's recovery as against the debtors before damages can be awarded in this case, that this action be stayed until the Tenth Circuit makes its determination in the bankruptcy appeal. Plaintiff asserts that no damage will accrue to any party from such a stay and that it will encounter a hardship in the damage issue if it is essential for it to prove loss over and above recovery in the bankruptcy proceeding at this time.

In response to this portion of Plaintiff's motion, Defendant states that it has expended extensive time in preparation for trial of this case, that it is now ready for trial, that a stay of the case would cause it to have to duplicate its preparation, and that a motion to abate should not be sustained at this late date.

■■■ Inherent in the power of every court to control its docket is the power to stay proceedings in the interest of justice. *Landis v. North American Co.*, 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936); *Hines v. D'Artois*, 531 F.2d 726 (Fifth Cir. 1976). The granting of a stay ordinarily lies within the sound discretion of the district court. *Pet Milk Co. v. Ritter*, 323 F.2d 586 (Tenth Cir. 1963); *Coseka Resources (U.S.A.) Ltd. v. Jordan*, 75 F.R.D. 694 (W.D.Okl.1977). However, the burden is on the party seeking the stay to show that there is a pressing need for delay and that the other party will not suffer harm from entry of the stay order. *Ohio Environmental Council v. United States District Court, Southern District of Ohio, Eastern Division*, 565 F.2d 393 (Sixth Cir. 1977). *See generally Landis v. North American Co., supra.* The stay of a case is a discretion that will be used sparingly and only upon a clear showing by the moving party of hardship or inequity so great as to overbalance all possible inconvenience of the delay to his opponent. 1 Am.Jur.2d *Actions* § 96, at 624 (1962).

■■ In the instant case, the Court concludes that Plaintiff has not made a sufficient showing to justify a stay of this action. At a hearing held on January 4, 1978 with regard to the status of this case, the Plaintiff suggested to the Court that the proceedings in this case should be stayed pending the Tenth Circuit's determination in the aforementioned bankruptcy proceeding. The Court determined at that time that the decision of the Tenth Circuit in the bankruptcy appeal would not have a bearing on this case. Plaintiff in its instant motion has not indicated anything to persuade the Court to alter this earlier decision. Accordingly, to the extent Plaintiff's motion seeks a stay of this action, the motion is overruled.

### SEVER

Pursuant to Rule 42(b), Federal Rules of Civil Procedure, Plaintiff moves the Court to sever and abate the damages issue in this case pending the Tenth Circuit's determination in *International City Bank & Trust Company v. Hogan (In re Gulfco Investment Corporation), supra.* Plaintiff asserts that such a severance will simplify the trial if the case is tried at this time.

In its response, Defendant contends that the severance of liability from damages in this case would be impractical and prejudicial to Defendant. It urges that the damages issue cannot be severed from the liability issue without depriving Defendant of the right to present its defenses on the liability issue. It maintains that insofar as the evidence in this case is concerned there is no clean line of demarcation between the issues of liability and damages, and that a severance of such issues would result in much of the same evidence being presented twice.

Rule 42(b) provides:

*Separate Trials.* The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross–claim, counterclaim, or third–party claim, or of any separate issue or of any number of claims, cross–claims, counterclaims,

third–party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

The granting of a severance lies within the discretion of the Court. 9 Wright & Miller, *Federal Practice and Procedure* : Civil § 2388 (1971). In the instant case, the Court concludes that Plaintiff's motion for severance should be overruled. It appears to the Court that in this case a single trial is more likely to result in a just and final disposition of this already protracted litigation and would tend to lessen delay, expense and inconvenience for all concerned. No prejudice would result from a single trial as the kind of prejudice contemplated by Rule 42(b) does not come into play in a civil action to be tried to the Court sitting without a jury. *United States v. International Business Machines Corp.*, 60 F.R.D. 654 (S.D.N.Y.1973). A single trial would avoid the possibility of an unnecessary duplication of evidence on the issues of damages and liability.

Accordingly, the Court in its discretion overrules Plaintiff's motion to sever the damages issue in this case.

It is so ordered.