Benjamin TRAPNELL, Individually and as Next Friend of Nicholas Trapnell, a Minor, and Polly Ann Haugh, Relators,

v.

Honorable Jack E. HUNTER, Judge of the 94th District Court of Nueces County, Texas, Respondent.

No. 13-90-007-CV.

Court of Appeals of Texas, Corpus Christi.

Feb. 1, 1990.

Russell Manning, Gary, Thomasson, Hall & Marks, Corpus Christi, for relators.

Roberta J. Hegland, Meredith, Donnell & Abernethy, John A. Smith, Kleberg & Head, Corpus Christi, William J. Collins, III, Eikenberg & Stiles, Houston, Aldean Kainz, Redford, Wray & Woolsey, Austin, Elizabeth V. Ledbetter, Redford, Wray & Woolsey, Corpus Christi, Robert Stecher, Groce, Locke & Hebdon, David Stephenson, Marshall N. Millard, Timothy S. Guill, Brock & Mathis, P.C., Phillip Marzec, J. Michael Myers, Groce & Locke & Hebdon, San Antonio, Randell A. Kocurek, Brown, Simms, Wise & White, Ben Roeder, Eikenburg & Stiles, Houston, for real parties in interest.

Before BENAVIDES, UTTER, and SEERDEN, JJ.

## OPINION

BENAVIDES, Justice.

This is a mandamus proceeding. Relators are the husband, son, and mother of Susan Trapnell, who died on August 10, 1984 as an alleged result of ingesting foods containing sulfites at the Corpus Christi Naval Air Station Officer's Club. Relators initially brought a wrongful death action in a State District Court on May 22, 1986 against the manufacturers of the sulfite and the foods containing it on a theory of products liability. They later brought a wrongful death action in the United States District Court on December 22, 1986 under the Federal Tort Claims Act against the United States Navy on theories of negligent preparation and failure to warn. On March 30, 1989, however, the federal court issued an order staying the federal suit against the Navy pending the conclusion of the state suit against the various manufacturers. On June 16, 1989, with knowledge of the federal stay, the state court then abated its suit in order to allow the state court defendants to attempt to intervene in the federal suit, have the stay lifted, and have the entire dispute settled in federal court. However, on September 26, 1989, the federal court denied the state defendants' motion to intervene on the ground that it did not have jurisdiction. Thereafter, disregarding the repeated petitions of the parties for reconsideration and reinstatement, both federal and state courts have refused to take further action in either suit. Relators complain specifically of the state court's latest January 5, 1990 refusal to vacate its order of abatement. They argue that the state court's abatement is in violation of the open courts provision of the Texas Constitution, and have petitioned this Court to grant a writ of mandamus ordering the state trial court to lift its abatement and hear the matter.

The primary issue in this proceeding is whether the state court had a legal basis to abate the present action in order to encourage all parties to settle their controversy in the other pending suit in federal court. The state court defendants, the real parties in interest in the present mandamus, argue that federal court is the only forum in which all parties and claims could, under the discretion of the federal judge to entertain ancillary claims, be heard together.

The general common law rule in Texas is that the court in which a suit is first filed acquires dominant jurisdiction to the exclusion of all other coordinate courts. Any subsequent suit involving the same parties and the same controversy must be dismissed if a party to that suit calls the second court's attention to the pendency of a prior suit by a plea in abatement. *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex.1974); *see also Wyatt v. Shaw Plumbing Co.*, 760

S.W.2d 245, 248 (Tex.1988). In the present case, however, the first suit filed was in the state court, which should have acquired dominant jurisdiction over the parties and issues before it. *See Turner v. Joshua Independent School District,* 583 S.W.2d 939, 941 (Tex.Civ.App.—Waco 1979, no writ).

Nevertheless, the state court defendants allege that it was proper for the state court to abate the action not in reference to the order in which the suits were filed, but because it is within the trial court's discretion to abate upon the ground of a pending suit for reasons of comity, convenience and orderly procedure, even when there exists a lack of identity of parties and issues. *See Dolenz v. Continental National Bank of Fort Worth,* 620 S.W.2d 572, 575 (Tex. 1981); *Brosseau v. Harless,* 697 S.W.2d 56, 58 (Tex.App.—Dallas 1985, original proceeding); *Williamson v. Tucker,* 615 S.W.2d 881, 885–86 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.); *Alpine Gulf, Inc. v. Valentino,* 563 S.W.2d 358 (Tex.Civ.App.—Houston [14th Dist.] 1978, writ ref'd n.r.e.); *Timon v. Dolan,* 244 S.W.2d 985, 987 (Tex. Civ.App.—San Antonio 1951, no writ); *Mills v. Howard,* 228 S.W.2d 906 (Tex.Civ. App.—Amarillo 1950, no writ); *Evans v. Evans,* 186 S.W.2d 277 (Tex.Civ.App.—San Antonio 1945, no writ); *North Texas Coach Co. v. Morten,* 92 S.W.2d 263, 266 (Tex.Civ. App.—Austin 1935, no writ).

■ Specifically, the state court defendants argue that the federal court may acquire jurisdiction over all parties to the controversy by intervention, whereas the state court may not acquire jurisdiction over the Navy, which makes it more efficient to litigate the matter in federal court. Their reason for abatement is based not on comity between courts but on a novel application of the doctrine of forum non conveniens. Under limited circumstances, for instance, where one forum lacks jurisdiction to try all causes of action arising out of a particular transaction or occurrence, under the doctrine of forum non conveniens it may defer to another forum able to more fully adjudicate all causes. *See Cole v. Lee,* 435 S.W.2d 283, 287 (Tex.Civ.App.—

Dallas 1968, writ dism'd). Any reliance on forum non conveniens in the present case fails, however, because the federal court's denial of intervention prevented any convenience in having the whole dispute settled in that forum. Moreover, we hold that the stay of the federal suit in the present case also removed any discretion from the state court to defer to the federal court.

■ If a separate action is no longer pending, a plea in abatement based on that action must be overruled. *Munson, Munson & Porter, P.C. v. Robinson,* 634 S.W.2d 32, 34 (Tex.App.—Tyler 1982, no writ). An action is no longer considered to be "pending" for purposes of abatement of a separate action if it has been "effectively dismissed, discontinued, or otherwise terminated." 1 C.J.S. *Abatement and Revival* § 64 (1985).

■ Citing *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 10, 103 S.Ct. 927, 934, 74 L.Ed.2d 765 (1983), relators contend that an order in federal court staying a case on the basis of a parallel state court proceeding has the same effect as a dismissal. We note, however, that the *Moses* Court narrowed its holding to situations where the object of the stay is to require all or an essential part of the federal suit to be litigated in a state forum and the stay effectively forecloses any further litigation in the federal forum. *Id.* at 10, n. 11, 103 S.Ct. at 934, n. 11. Generally, however, under federal law an abatement or stay is not a dismissal, but merely an interruption or suspension of the suit. *See Baer v. Fahnestock & Co.,* 565 F.2d 261, 263 (3rd Cir.1977). In the present case, relator sued an entirely different group of defendants under a products liability theory in the state suit, which would not have foreclosed future litigation against the Navy under a negligence theory in the federal forum, though it may adjudicate matters of interest to the federal forum. However, whether the federal stay is interpreted as either a dismissal or a temporary interruption, the effect of that stay is to discontinue the federal suit and to foreclose the plaintiff from any foreseeable federal remedy.

The subsequent abatement of the state court suit, far from being an act of comity between courts or for the convenience of the parties, merely causes friction between the courts and denies the parties their right to a forum under the "open courts" clause of the Texas Constitution, which provides that, "[a]ll courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." Tex. Const. art. I, § 13. Open courts is not generally violated by abatement on the ground of a pending suit in an other court, because the other forum is available to the plaintiff to pursue his remedy.

In the present situation, however, the two possible forums available to relators have each indefinitely denied them any relief in hopes that the other forum will take up their cause. Cf. *Continental Oil Co. v. P.P.G. Industries,* 504 S.W.2d 616 (Tex. Civ.App.—Houston [1st Dist.] 1973 n.r.e.). Neither the legislature nor the courts have the power to make a plaintiff's remedy contingent on an impossible condition. *Nelson v. Krusen,* 678 S.W.2d 918, 921 (Tex.1984); *H. Runge & Co. v. Wyatt,* 25 Tex. 291 (1860). Plaintiff cannot be relegated to another forum for his relief when that forum offers him no present right to relief. *See Runge.* The present judicial standoff denies the relators any forum at all for the redress of their grievances, and the state court's actions in perpetuating this standoff violates relators' constitutional right to open courts.

■ The state court defendants, however, also contend that mandamus is not a proper method of reviewing the trial court's actions in connection with an abatement. Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law. Since mandamus will not issue to control the action of a lower court in a matter which truly involves that court's discretion, the relator must establish that the trial court's actions were arbitrary and unreasonable because, under the circumstances of the case, the facts and law permit it to make but one decision and thus extinguish any discretion in the matter. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917–18 (Tex. 1985); *Home Savings Association v. Bevers,* 745 S.W.2d 504, 509 (Tex.App.—Amarillo 1988, original proceeding); *Bush v. Vela,* 535 S.W.2d 803, 805 (Tex.Civ.App.— Corpus Christi 1976, original proceeding).

Generally, an appellate court should not assume jurisdiction to issue a writ of mandamus to correct a trial judge's refusal to sustain a plea in abatement filed in a subsequent suit, because the ruling is a mere incident in the normal trial process which, if erroneous, can be corrected by appeal. *Bevers,* 745 S.W.2d at 509; *see also Pope v. Ferguson,* 445 S.W.2d 950, 954 (Tex.1969). Refusal to sustain such a plea still leaves the parties with a forum in which to litigate their disputes and a method of challenging the trial court's refusal on appeal.

When the trial court sustains a plea in abatement, however, the plaintiff is effectively denied any other method of challenging the court's action for an indefinite period of time during which the cause of action remains in a suspended state. Because a trial judge may not arbitrarily halt trial proceedings, mandamus will lie to compel a trial judge to proceed to trial and judgment in a case pending in his court. *Cleveland v. Ward,* 116 Tex. 1, 285 S.W. 1063, 1068 (1926); *Greenberg, Benson, Fisk and Fielder v. Howell,* 685 S.W.2d 694 (Tex. App.—Dallas 1984, original proceeding). In the present case, the trial court's original order of abatement in the face of the federal court abatement order, as well as the state court's subsequent refusal to vacate its order of abatement, was arbitrary, unreasonable, and a violation of relators' constitutional rights afforded them under article 1 section 13 of the Texas state constitution. We conditionally grant relators' petition for a writ of mandamus. The writ will issue only if the trial court fails to set aside its order granting the abatement.