Opinion filed February 15, 2007















 
 
  
 
 







 
 
  
 
 




Opinion filed February 15, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00301-CV

                                                    __________

 

                              IN RE DISCOVERY OPERATING, INC.

 



 

                                                Original
Mandamus Proceeding

 



 

                                                                   O
P I N I O N

 

Discovery Operating, Inc. filed suit against BP
America Production Company for damages arising from BP=s
use of two saltwater injection wells in the vicinity of Discovery=s oil and gas lease. Discovery asserted
claims for negligence, negligence per se, and common law and statutory waste.[1]  Discovery alleged that BP had violated its
injection-well permits and the rules and regulations of the Texas Railroad
Commission.  The district court abated
the proceedings until such time as the Texas Railroad Commission determines
whether BP violated any commission rules, regulations, or permits.  The Railroad Commission, having previously
refused BP=s request
for a hearing because there was no live complaint pending with the Railroad
Commission, agreed to consider the matter upon referral by the district
court.  Discovery has filed a petition
for writ of mandamus in our court requesting that the order of abatement be
vacated and the referral to the Railroad Commission be withdrawn.  We conditionally grant the petition for writ
of mandamus.  








Mandamus is an extraordinary remedy that is
available to correct a clear abuse of discretion or the violation of a duty
imposed by law when there is no adequate remedy by appeal.  Walker v. Packer, 827 S.W.2d 833,
839-40 (Tex.
1992) (orig. proceeding).  A trial court
has no discretion in determining what the law is or in applying the law to the
facts.  Id.
at 840; see also In re D. Wilson Constr. Co., 196 S.W.3d 774, 780-81 (Tex. 2006).  

Discovery contends that the trial court erred in
finding that the Railroad Commission had exclusive or primary jurisdiction over
the matters involved in this case and that the trial court had no discretion to
abate the proceedings.  Discovery relies
in large part on Sections 85.321 and 85.322 of the Texas Natural Resources
Code.  Tex.
Nat. Res. Code Ann. ''
85.321-.322 (Vernon 2001).  These
sections provide as follows:  

' 85.321.  Suit for Damages

 

A party who owns an interest in property or
production that may be damaged by another party violating the provisions of
this chapter that were formerly a part of Chapter 26, Acts of the 42nd
Legislature, 1st Called Session, 1931, as amended, or another law of this state
prohibiting waste or a valid rule or order of the [railroad] commission may sue
for and recover damages and have any other relief to which he may be entitled
at law or in equity.  Provided, however,
that in any action brought under this section or otherwise, alleging waste to
have been caused by an act or omission of a lease owner or operator, it shall
be a defense that the lease owner or operator was acting as a reasonably
prudent operator would act under the same or similar facts and circumstances.

 

 

' 85.322.  Proceedings Not to Impair Suit for Damages

 

None of the provisions of this chapter that were
formerly a part of Chapter 26, Acts of the 42nd Legislature, 1st Called
Session, 1931, as amended, no suit by or against the [railroad] commission, and
no penalties imposed on or claimed against any party violating a law, rule, or
order of the commission shall impair or abridge or delay a cause of action for
damages or other relief that an owner of land or a producer of oil or gas, or
any other party at interest, may have or assert against any party violating any
rule or order of the commission or any judgment under this chapter.








 

BP contends that mandamus is improper because the
Railroad Commission has either exclusive or primary jurisdiction over issues
involving underground injection.  BP asserts
that the Railroad Commission=s
exclusive or primary jurisdiction stems from the Federal Safe Drinking Water
Act, 42 U.S.C. ''
300f-300j; from the Texas
Legislature=s
designation of the Railroad Commission as the agency responsible for
underground injection control; and from precedent from the Texas Supreme
Court.  

Texas
district courts are courts of general jurisdiction, and a constitutional
presumption exists that a district court has subject matter jurisdiction absent
a showing to the contrary.  See In re
Entergy Corp., 142 S.W.3d 316, 322 (Tex.
2004); Subaru of Am., Inc. v. David McDavid Nissan, Inc., 84 S.W.3d 212,
220 (Tex.
2002).  Conversely, there is no
presumption that administrative agencies, such as the Railroad Commission, are
authorized to resolve disputes.  Agencies
may exercise only those powers that have been clearly and expressly conferred
by law.  David McDavid Nissan, 84
S.W.3d at 220.  Neither an agency nor a
court may grant additional authority or excess power to an agency.  Id.  Furthermore, whether an agency has exclusive
or primary jurisdiction is a question of law to be reviewed de novo.  Id.
at 222.  

                                                             Exclusive
Jurisdiction

An agency has exclusive jurisdiction when the
legislature has granted to it the sole authority to make an initial
determination in a dispute, i.e., when a pervasive regulatory scheme indicates
that the legislature intended for the regulatory process to be the exclusive
means of remedying the problem.  Id. at 221.  Determining whether an agency has exclusive
jurisdiction requires statutory construction and raises jurisdictional
issues.  Id. at 222.  When an agency has exclusive jurisdiction, a
trial court generally lacks subject matter jurisdiction until all
administrative remedies have been exhausted. 
Entergy, 142 S.W.3d at 321-22. 









Although we agree with BP=s
assertion that the Texas Legislature has designated the Railroad Commission as
the agency responsible for underground injection control, we disagree with its
conclusion that this designation gives the Railroad Commission exclusive jurisdiction
over the matters involved in this case. 
Pursuant to statute, oil and gas production, including not only the
conservation of oil and gas but also the disposal of waste and the operation of
injection wells, is regulated by the Railroad Commission.  See Tex.
Nat. Res. Code Ann. chs. 81, 85, 91 (Vernon 2001 & Supp. 2006); Tex. Water Code Ann. ' 26.131 (Vernon 2000), ' 26.135 (Vernon Supp. 2006), ch. 27 (Vernon 2000 &
Supp. 2006).  Although the Natural
Resources Code and the Water Code[2]
provide for a pervasive regulatory scheme involving the production of oil and
gas, these same Codes specifically provide for the right of private causes of
action.  With respect to the conservation
or waste of oil and gas, Section 85.321 of the Natural Resources Code provides
that a party who owns an interest in property or production Amay sue for and recover damages and
have any other relief to which he may be entitled.@  With respect to remedies available under the
Water Code, Section 7.004 refers to Athe
right of a private corporation or individual to pursue any available common law
remedy.@  Tex. Water
Code Ann. ' 7.004
(Vernon 2000).  Based upon our review of
the applicable statutes, we cannot hold that the legislature intended for the
Railroad Commission to have exclusive jurisdiction over the matters involved in
this case.  The plain language of
Sections 85.321 and 85.322 clearly indicates that the legislature did not
intend for the regulatory process to be the exclusive means of remedying the
problem but, rather, that the legislature intended for aggrieved parties to
have a right to bring suit and litigate their causes of action in an
appropriate court.  See In re Apache
Corp., 61 S.W.3d 432, 435-36 (Tex. App.CAmarillo
2001, orig. proceeding).  

BP also asserts that the Railroad Commission
derives exclusive jurisdiction over the matters in this case from the Federal
Safe Drinking Water Act.  The purpose of
this Act is to protect public drinking water. 
Pursuant to the Act, the Railroad Commission is responsible for administering
the underground injection control program in Texas. 
40 C.F.R. ' 147.2201
(2006).  However, nothing in the Act or
in the designation of the Railroad Commission as the administrator reflects an
intent for the regulatory process to be the exclusive means of remedying the
problem in this case.  To the contrary,
Chapters 81, 85, and 91 of the Natural Resources Code and Chapters 26 and 27 of
the Water Code, among other statutes, were specifically included as Apart of@
the approved underground injection control program in Texas.  40 C.F.R. '
147.2201(b).  As noted above, these
statutes authorize aggrieved parties to bring suit and litigate their causes of
action in an appropriate court.

Based upon our review of the pleadings in this
case and the applicable statutes and case law, we hold that the Railroad
Commission does not have exclusive jurisdiction over the matters involved in
this case.  








                                                              Primary
Jurisdiction

An agency that does not have exclusive
jurisdiction may nevertheless have primary jurisdiction.  The primary jurisdiction doctrine, which was
judicially created, allocates power between courts and agencies when both have
the authority to make initial determinations in a dispute.  David McDavid Nissan, 84 S.W.3d at
221.  Pursuant to this doctrine:  

Trial
courts should allow an administrative agency to initially decide an issue
when:  (1) an agency is typically staffed
with experts trained in handling the complex problems in the agency=s purview; and (2) great benefit is
derived from an agency=s
uniformly interpreting its laws, rules, and regulations, whereas courts and
juries may reach different results under similar fact situations.  

 

Id.  When an agency
has primary jurisdiction, abatement by the trial court is appropriate so that
the agency has an opportunity to act on the matter.  Butnaru v. Ford Motor Co., 84 S.W.3d
198, 208 (Tex.
2002).  

The Texas Supreme Court has Aaddressed the issue of the Railroad
Commission=s primary
jurisdiction on several occasions, and found it not to be so broad-sweeping as
to oust the courts of jurisdiction just because the Commission might have
jurisdiction to determine some facts related to the controversy.@ 
Amarillo Oil Co. v. Energy-Agri Prods., Inc., 794 S.W.2d 20, 26 (Tex. 1990).  In  Gregg
v. Delhi-Taylor Oil Corp., 344 S.W.2d 411 (Tex. 1961), the supreme court
recognized that the Railroad Commission had extensive powers to make rules and
regulations to prevent oil and gas waste and protect the rights of owners of
oil and gas interests.  The court held,
however, that the Railroad Commission did not have primary jurisdiction to
prevent a subsurface trespass by an oil and gas lessee.  Gregg, 344 S.W.2d at 415.  The court reasoned that the trial court had
original jurisdiction to ascertain whether a trespass was being committed and
to enjoin such trespass because the questions presented were Aprimarily judicial in nature.@ 
Id.  








Consequently, the primary jurisdiction doctrine
does not apply to actions or disputes that are inherently judicial in nature
and over which the legislature has not vested exclusive jurisdiction in an
administrative body.  Id.; Apache, 61 S.W.3d at
436.  In Apache, a case involving
water contamination allegedly caused by oil and gas production, the Amarillo court held that
the following causes of action were inherently judicial in nature:  trespass, negligence, negligence per se,
nuisance, negligent and intentional infliction of emotional distress, and
strict liability.  Apache, 61
S.W.3d at 436.  

Although we do not doubt that the Railroad
Commission is staffed with experts trained in handling the problems arising in
this case regarding the alleged violations of commission permits and rules or
that a benefit would be derived from the Railroad Commission=s uniform interpretation of its rules
and regulations, we nevertheless hold that the Railroad Commission does not
have primary jurisdiction in this case. 
First, like the court in Apache, we find the causes of action
asserted in this case B
negligence, negligence per se, and waste B
to be inherently judicial in nature.  See
also Exxon Corp. v. Miesch, 180 S.W.3d 299, 317-18 (Tex. App.CCorpus Christi 2005, pet. granted) (a
private cause of action exists under Section 85.321 for statutory waste).  Second, we cannot apply the judicially
created doctrine of primary jurisdiction in direct contravention of the mandate
of the legislature in Section 85.322 that a cause of action for damages or
other relief shall not be impaired, abridged, or delayed. 








Having determined that the Railroad Commission
does not have exclusive or primary jurisdiction, we must determine whether
mandamus is appropriate in this case. 
The trial court=s
misapplication of the law in determining that abatement was appropriate despite
the clear language of Sections 85.321 and 85.322 constitutes a clear abuse of
discretion.  See Walker, 827 S.W.2d at 840.  An abatement in this case not only violates
Section 85.322 but also could usurp Discovery=s
ability to present its claim at trial and prevent a decision on the
merits.  If the Railroad Commission were
to interpret its permits, rules, or regulations contrary to Discovery=s position in this case, Discovery
could not collaterally attack such interpretation in the trial court unless the
order of the Railroad Commission was void on its face.  Corzelius v. Harrell, 186 S.W.2d 961 (Tex. 1945); Arkla Exploration Co.
v. Haywood, Rice & William Venture, 863 S.W.2d 112, 116 (Tex. App.CTexarkana 1993, writ dism=d by agr.).  Furthermore, when a trial court sustains a
plea in abatement, the plaintiff is Aeffectively
denied any other method of challenging the court=s
action for an indefinite period of time during which the cause of action
remains in a suspended state.@  Trapnell v. Hunter, 785 S.W.2d 426,
429 (Tex. App.CCorpus
Christi 1990, orig. proceeding). 
Mandamus will lie to compel a trial court to proceed to trial and
judgment when the trial court has arbitrarily halted trial proceedings.  Id.
(citing Cleveland v. Ward, 285 S.W. 1063, 1068 (Tex. 1926)). 
Accordingly, we hold that mandamus is an appropriate remedy in this case
because Discovery has no adequate remedy by appeal.  

Because the Railroad Commission has neither
exclusive nor primary jurisdiction and because Discovery has no adequate remedy
by appeal, Discovery=s
petition for writ of mandamus is conditionally granted.  In the event that the trial court does not
rescind its October 3, 2006 order of abatement, then a writ of mandamus shall
issue.  

 

 

AUSTIN McCLOUD

SENIOR JUSTICE

 

February 15, 2007

Panel
consists of: Wright, C.J., 

McCall, J., and McCloud, S.J.[3]












[1]We note that, in its fourth amended petition, Discovery
also sought an injunction against BP=s
continued use of the injection wells but that, upon BP=s filing of a plea in abatement, Discovery expressly
abandoned its request for an injunction.





[2]Although BP does not cite the Water Code in support of
its position in this court, it did cite the Water Code in its supplemental
brief in support of the plea in abatement filed in the trial court.





[3]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.