NUMBER 13-05-087-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


CHARLES D. CRONEN, Appellant,


v.
 


PATRICIA A. DAVIS AND THE 

CITY OF HOUSTON, TEXAS, Appellees.

 




On appeal from the 129th District Court 


of Harris County, Texas.


 


MEMORANDUM OPINION



 Before Chief Justice Valdez and Justices Rodriguez and Garza 

 Memorandum Opinion by Justice Rodriguez


 This appeal arises from a plea to the jurisdiction and summary judgment granted
in favor of appellees, the City of Houston (the City) and Patricia A. Davis (Officer
Davis), a City police officer. On appeal, pro se appellant, Charles D. Cronen, contends
that (1) the trial court erred in granting appellees' plea to the jurisdiction and motion
for summary judgment and (2) the application of sovereign immunity in this case
violates the Open Courts provision of the Texas Constitution because it deprives him
of just compensation. We affirm.

I. Background

 Officer Davis arrested appellant on three separate occasions for panhandling on
the City's streets. See Act approved June 18, 1947, 50th Leg., R.S., ch. 421, 1947
Tex. Gen. Laws 967, repealed by Act approved May 23, 1995, 74th Leg., R.S., ch.
165, § 24(a), 1995 Tex. Gen. Laws 1870. After each arrest appellant was held in the
City's detention facility until appearing before a magistrate. Each of the charges
against appellant was dismissed.

 Appellant subsequently filed the underlying suit against appellees, asserting
claims for false arrest and false imprisonment. (1) Appellees filed a plea to the
jurisdiction and motion for summary judgment. In the plea to the jurisdiction, the City
argued, among other things, that appellant failed to state a claim against the City that
fell within the limited waiver of governmental immunity under the Texas Tort Claims
Act (the Act). See Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021, 101.0215 (Vernon
2005). In the motion for summary judgment, Officer Davis asserted, among other
things, that she was entitled to official immunity, and therefore was immune from
liability against appellant's claims. The trial court granted the plea to the jurisdiction
in part and the motion for summary judgment. Appellant filed a motion for new trial,
which the trial court denied. This appeal ensued.

II. Plea to the Jurisdiction

 By issues one and three, appellant contends the trial court erred in granting the
plea to the jurisdiction in favor of the City.

A. Standard of Review

 A plea to the jurisdiction is a dilatory plea, the purpose of which is to "defeat
a cause of action without regard to whether the claims asserted have merit." Bland
Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the
trial court's jurisdiction over the subject matter of a pleaded cause of action. Tex.
Parks & Wildlife Dep't v. Morris, 129 S.W.3d 804, 807 (Tex. App.-Corpus Christi
2004, no pet.). Whether a trial court has subject matter jurisdiction is a question of
law. Tex. Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004);
Morris, 129 S.W.3d at 807. Therefore, we review a trial court's ruling on a plea to
the jurisdiction de novo. Miranda, 133 S.W.3d at 226; Morris, 129 S.W.3d at 807.

B. Analysis

 Appellant specifically asserts that because he brought his false arrest and false
imprisonment claims under the common law rather than under the Act, the trial court
erred in granting the plea to the jurisdiction in favor of the City based on the Act. (2) We
disagree.

 Under the common law doctrine of sovereign immunity, a municipality, such as
the City, is immune from suit for the performance of its governmental functions. See
City of Corpus Christi v. Absolute Indus., 120 S.W.3d 1, 3 (Tex. App.-Corpus Christi
2001, pet. denied). Governmental functions are "those functions that are enjoined on
a municipality by law and are given it by the state as part of the state's sovereignty,
to be exercised by the municipality in the interest of the general public" and include
police protection and control. Tex. Civ. Prac. & Rem. Code Ann. § 101.0215. The Act
provides a limited waiver of a municipality's sovereign immunity with respect to
performance of its governmental functions for claims involving the use of motor-driven
vehicles or motor-driven equipment and injuries arising out of conditions or use of
property. See id. §§ 101.021, 101.0215. However, the Act does not apply to claims
for intentional torts, such as false arrest and false imprisonment. See id. §
101.057(2). As a result, a municipality retains its common law immunity from suit for
the performance of its governmental functions with respect to false arrest and false
imprisonment claims. See id. §§ 101.057(2), 101.025 (providing that sovereign
immunity to suit is waived and abolished to the extent of liability created by the Act);
see also Absolute Indus., 120 S.W.3d at 3; City of Hempstead v. Kmiec, 902 S.W.2d
118, 122 (Tex. App.-Houston [1st Dist.] 1995, no writ) (providing that the common
law doctrine of governmental immunity shields a city from liability except to the extent
the immunity is waived by the Act). 

 Here appellant sued the City for the intentional torts of false arrest and false
imprisonment for actions taken by Officer Davis, thus implicating the City's
governmental functions of police protection and control. See Tex. Civ. Prac. & Rem.
Code Ann. § 101.0215. Although the Act provides a limited waiver of the City's
immunity based on its governmental functions, it does not extend this limited waiver
to claims against the City for false arrest and false imprisonment. See id. §§ 101.025,
101.057(2). As a result, the City retained its common law immunity from suit on
these grounds. See id. §§ 101.025, 101.057(2); see also Absolute Indus., 120
S.W.3d at 3; Kmiec, 902 S.W.2d at 122. Therefore, we conclude that the trial court
properly granted the City's plea to the jurisdiction on this basis. We overrule
appellants' first and third issues. 

III. Summary Judgment

 By issues two, four, five, and six, appellant asserts the trial court erred in
granting summary judgment in favor of Officer Davis. (3) Specifically, appellant contends
the trial court erred in finding that Officer Davis was entitled to official immunity
because her arrest of appellant was a ministerial act, rather than a discretionary one,
and she did not act in good faith in arresting appellant. (4) See City of Lancaster v.
Chambers, 883 S.W.2d 650, 653 (Tex. 1994) (providing government employees, such
as police officers, are entitled to official immunity from suit arising from "the
performance of their (1) discretionary duties in (2) good faith as long as they are (3)
acting within the scope of their authority").

 However, pursuant to rule 166a(c), issues not expressly presented to the trial
court by written answer or response to a motion for summary judgment shall not be
considered on appeal as grounds for reversal. Tex. R. Civ. P. 166a(c); see City of
Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678-79 (Tex. 1979). Appellant
did not expressly present these arguments to the trial court in response to the motion
for summary judgment. Therefore, we may not consider these grounds as a basis for
reversing the trial court's grant of summary judgment in favor of Officer Davis. Tex.
R. Civ. P. 166a(c); see Clear Creek Basin Auth., 589 S.W.2d at 678-79. Accordingly,
we overrule appellant's second, fourth, fifth, and sixth issues. 

IV. Open Courts Provision

 By issues seven, eight, and fourteen, appellant contends that the application of
sovereign immunity in this case violates the Open Courts provision of the Texas
Constitution because it deprives him of just compensation for his alleged injuries. See
Tex. Const. art. 1, § 13. We disagree.

 The Open Courts provision provides that "[a]ll courts shall be open, and every
person for any injury done him, in his lands, goods, person or reputation, shall have
remedy by due course of law." Id. The Texas Supreme Court has held that the Open
Courts provision affords individuals three distinct protections. Fed. Sign v. Tex. S.
Univ., 951 S.W.2d 401, 410 (Tex. 1997). First, courts must actually be open and
operating. Id. (citing Runge & Co. v. Wyatt, 25 Tex. 291, 294 (1860)). Second,
citizens must have access to the courts unimpeded by unreasonable financial barriers. 
Id. (citing LeCroy v. Hanlon, 713 S.W.2d 335, 342 (Tex. 1986)). Third, the law must
afford meaningful legal remedies to our citizens, so the Legislature may not abrogate
the right to assert a well-established common law cause of action. Id. (citing Tex.
Ass'n of Bus. v. Air Control Bd., 852 S.W.2d 440, 448 (Tex. 1993); Moreno v.
Sterling Drug, Inc., 787 S.W.2d 348, 355-57 (Tex. 1990)). In addition, the Texas
Supreme Court has held that the Open Courts provision "applies only to statutory
restrictions of a cognizable common law cause of action." Id. (quoting Peeler v.
Hughes & Luce, 909 S.W.2d 494, 499 (Tex. 1995); Moreno, 787 S.W.2d at 355-56).

 Here, appellant does not assert that the courts are not open and operating, nor
does appellant contend that his access to the courts has been impeded by
unreasonable financial barriers. See id. Rather, appellant asserts that the doctrine of
sovereign immunity has operated to deprive him of a meaningful legal remedy. Thus,
appellant attempts to implicate the third protection of the Open Courts provision. See
id.; see also Cronen v. Ray, Nos. 14-05-00788-CV and 14-05-00789-CV, 2006 Tex.
App. LEXIS 7952, at *14 (Tex. App.-Houston [14th Dist.] Sept. 5, 2006, no pet.)
(mem. op.). Nevertheless, appellant fails to identify any legislative action or statute
that has abrogated or restricted his right to assert a well-established common law
cause of action under this third protection. See Fed. Sign, 951 S.W.2d at 410; see
also Cronen, 2006 Tex. App. LEXIS 7952, at *14. Instead, appellant centers his
complaint around the doctrine of sovereign immunity, which is a common law creation,
not a creation of the Legislature. Tex. A&M Univ.-Kingsville v. Lawson, 87 S.W.3d
518, 520 (Tex. 2002) (citing Hosner v. DeYoung, 1 Tex. 764, 769 (1847); Bd. of
Land Comm'rs v. Walling, Dall. 524, 1843 Tex. LEXIS 16 (Tex. 1843); City of
Amarillo v. Martin, 971 S.W.2d 426, 427 (Tex. 1998)). Moreover, by waiving
sovereign immunity in certain instances under the Act, the Legislature has expanded,
not restricted, the claims that may be brought against governmental entities. See Tex.
Civ. Prac. & Rem. Code § 101.021, 101.0215, 101.025. Thus, because appellant
does not challenge a legislative act or statute that abridges a cognizable common law
claim, we conclude that his Open Courts challenge is without merit. See Fed. Sign,
951 S.W.2d at 410; see also Cronen, 2006 Tex. App. LEXIS 7952, at *14. We
overrule appellant's seventh, eighth, and fourteenth issues. (5) 

V. Conclusion

 Accordingly, we affirm the judgment of the trial court. 

 

 

 NELDA V. RODRIGUEZ

 Justice


Memorandum Opinion delivered and 

filed this 15th day of March, 2007.
1. We note that appellant appeared to raise numerous causes of action in his pleadings below. 
However, both in the trial court and on appeal, appellant characterizes his suit as one for false arrest
and false imprisonment, and so we do the same herein.
2. To the extent appellant asserts that the trial court erred in granting the plea to the jurisdiction
because it was based on misrepresentations of fact and law, we conclude that the briefing is inadequate
because appellant failed to fully develop and support his arguments. See Tex. R. App. P. 38.1(h)
(providing that appellant's brief must contain a clear and concise argument for the contentions made,
with appropriate citations to authorities and to the record); see also Green v. Kaposta, 152 S.W.3d 839,
841 (Tex. App.-Dallas 2005, no pet.) (providing that a pro se litigant is held to the same standards as
licensed attorneys and must comply with applicable laws and rules of procedure). Therefore, we will
not consider such contentions.
3. Appellant also challenges the trial court's grant of summary judgment in favor of the City. 
However, having determined that the trial court properly granted the City's plea to the jurisdiction, we
need not determine the propriety of the trial court's grant of summary judgment in favor of the City. 
See Tex. R. App. P. 47.1. Therefore, we will limit our summary judgment analysis to its application to
Officer Davis.
4. To the extent appellant contends that the trial court erred in granting appellees' motion for
summary judgment because (1) it was based on misrepresentations of fact and law, (2) fact issues
remained, and (3) Officer Davis did not prove her entitlement to summary judgment as a matter of law,
we conclude that the briefing is inadequate because appellant failed to fully develop and support his
arguments. See Tex. R. App. P. 38.1(h); see also Green, 152 S.W.3d at 841. Therefore, we will not
consider such contentions.
5. By issues nine, ten, and eleven, appellant asserts that although his claims are for false arrest
and false imprisonment, he should be given the opportunity to amend his pleadings to state a claim that
falls within the limited waiver of the Act. By issue twelve, appellant contends the trial court erred in
dismissing the suit against the City and Officer Davis because the dismissal left no defendant from
whom he could recover. By issues thirteen and fifteen, appellant asserts the trial court erred in denying
his motion for new trial and motion for default judgment, respectively. However, appellant fails to fully
develop these arguments and to support them with authority. See Tex. R. App. P. 38.1(h); see also
Green, 152 S.W.3d at 841. Therefore, we conclude appellant has waived these issues on appeal.