

# NUMBER 13-18-00283-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE DEBRA V. BENGE

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Benavides and Longoria
### Memorandum Opinion by Justice Longoria[1]

Relator Debra V. Benge filed a petition for writ of mandamus in the above cause on May 31, 2018 contending that the trial court abused its discretion by abating the underlying case for an indefinite period.[2] Through this original proceeding, relator seeks to set aside the May 7, 2018 order of abatement. We conditionally grant the petition for writ of mandamus.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] This original proceeding arises from trial court cause number 16-05-23,749 in the 24th District Court of De Witt County, Texas, and the respondent is the Honorable Kemper Stephen Williams III. *See* TEX. R. APP. P. 52.2. Dinah Voelkel is an interested party. *See id.*

## I. BACKGROUND

Benge filed suit against Margaret A. Thomas and Frank W. Burns III as co-trustees of the Thomas Family Trust (also known as the "1992 Trust") for breach of fiduciary duty, an accounting, and removal of these individuals as trustees. She sought attorney's fees, litigation expenses, and disgorgement of trustees' fees. Thomas and Burns filed a joint motion to appoint a third-party trustee and to abate the case. They asserted that they "are concerned that the cost of trial will deplete the assets of the Trust and have submitted notice to the beneficiaries of the 1992 Trust that they intend to resign as co-trustees." They requested that the court "appoint a neutral, third-party successor trustee upon their resignation, and abate this proceeding until the newly appointed successor trustee enters an appearance on behalf of the 1992 Trust." In support of their request for abatement, they argued that suits against a trust must be brought against a trustee. *See, e.g.*, *In re Ashton*, 266 S.W.3d 602, 604 (Tex. App.—Dallas 2008, orig. proceeding) ("Well-settled law requires a suit against a trust to be brought against its legal representative, the trustee."); *In re Guetersloh*, 326 S.W.3d 737, 739 (Tex. App.—Amarillo 2010, orig. proceeding) ("[S]uits against a trust must be brought against the trustee.").

Another party to the suit, Dinah Voelkel, filed a response and support in favor of the joint motion to appoint a third-party trustee and to abate the lawsuit. Benge filed a response to the joint motion, and Thomas and Burns filed a joint reply to Benge's response.

On May 7, 2018, the trial court granted the motion, in part, and ruled that "this matter is hereby ABATED pending the conclusion (by trial or settlement) of cause no. 11466 pending in the Probate Court of De Witt County, Texas." Based on the record,

2

cause number 11466 is a consolidated case pending in front of a statutory probate judge involving two lawsuits filed by Benge against the Thomas Family 2012 Trust and the estate of Ann Friar Thomas.[3]

This original proceeding ensued. By two issues, Benge asserts that the trial court committed a clear abuse of discretion when it abated the underlying lawsuit for an indefinite period and that she lacks an adequate remedy by appeal. This Court requested that the real parties in interest, Margaret A. Thomas, individually and as co-trustee of the Thomas Family Trust; Frank W. Burns III, individually and as co-trustee of the Thomas Family Trust; and Dinah Voelkel, or any others whose interest would be directly affected by the relief sought, file a response to the petition for writ of mandamus on or before the expiration of ten days from the date of this order. *See* TEX. R. APP. P. 52.2, 52.4, 52.8.

Real parties in interest Thomas and Burns, individually and co-trustees, and Dinah Voelkel filed a response to the petition for writ of mandamus. They argue that: (1) the trial court did not abuse its discretion because the related case is set for trial on October 1, 2018, and thus the abatement is not indefinite and overbroad; (2) Benge has an adequate remedy at law to address the alleged error here because "all of the *Prudential* factors" weigh against mandamus review; and (3) if the court takes judicial notice of documents as requested by Benge; it should similarly take judicial notice of documents presented by the real parties. As a threshold matter, we have not and need not take judicial notice of any documents presented by the parties to this original proceeding to resolve this matter on the merits.

---

[3] This Court has previously addressed an original proceeding arising from cause number 11466 in the County Court of De Witt County, Texas. *See In re Benge*, No. 13-17-00616-CV, 2018 WL 1062899, at *1 (Tex. App.—Corpus Christi Feb. 27, 2018, orig. proceeding) (mem. op.).

3

## II. STANDARD OF REVIEW

Mandamus is an extraordinary remedy. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276, 279 (Tex. 2016) (orig. proceeding). The relator bears the burden of proving these requirements. *In re H.E.B. Grocery Co.*, 492 S.W.3d at 302; *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding).

An abatement order may be reviewed by petition for writ of mandamus when the abatement is indefinite in duration. *See In re Shulman*, No. 14-17-00508-CV, 2017 WL 6331176, at *3, __ S.W.3d __, __ (Tex. App.—Houston [14th Dist.] Dec. 12, 2017, orig. proceeding); *In re Gore*, 251 S.W.3d 696, 699 (Tex. App.—San Antonio 2007, orig. proceeding); *Tex. Mut. Ins. Co. v. Sonic Sys. Int'l, Inc.*, 214 S.W.3d 469, 471 (Tex. App.—Houston [14th Dist.] 2006, pet. denied); *Gebhardt v. Gallardo*, 891 S.W.2d 327, 332 (Tex. App.—San Antonio 1995, orig. proceeding). This is because an adequate remedy by appeal does not exist when the plaintiff is "'effectively denied any other method of challenging the court's action for an indefinite period of time during which the cause of

4

action remains in a suspended state.'" *In re Immobiliere Jeuness Establissement*, 422 S.W.3d 909, 914 (Tex. App.—Houston [14th Dist.] 2014, orig. proceeding) (quoting *Trapnell v. Hunter*, 785 S.W.2d 426, 429 (Tex. App.—Corpus Christi 1990, orig. proceeding)); *see, e.g., In re Am. Homes For Rent Props. Eight, L.L.C.*, 498 S.W.3d 153, 155–56 (Tex. App.—Dallas 2016, orig. proceeding); *In re Discovery Operating, Inc.*, 216 S.W.3d 898, 905 (Tex. App.—Eastland 2007, orig. proceeding [mand. denied]). Similarly, an abatement order may be subject to mandamus review if it effectively vitiates a party's ability to present a claim or defense. *See In re Shulman*, 2017 WL 6331176, at \*3; *In re R.R.*, 26 S.W.3d 569, 573–74 (Tex. App.—Dallas 2000, orig. proceeding); *Gebhardt*, 891 S.W.2d at 332–33.

### III. ANALYSIS

"All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." TEX. CONST. art. 1, § 13; *see Tenet Hosps. Ltd. v. Rivera*, 445 S.W.3d 698, 703 (Tex. 2014). This requirement "guarantees that a common law remedy will not be unreasonably abridged." *Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 521 (Tex. 1995). Stated otherwise, the "open courts" provision of the Texas Constitution ensures that citizens bringing common law causes of action will not unreasonably be denied access to the courts. *See In re D.M.*, 191 S.W.3d 381, 391 (Tex. App.—Austin 2006, pet. denied). Under certain circumstances, abating a case indefinitely can violate the open courts provision. *See Gebhardt*, 891 S.W.2d at 332; *Trapnell*, 785 S.W.2d at 429.

In a similar vein, parties in a civil case are entitled to full discovery within a reasonable time, to develop their claims and defenses, and to have their case tried. *In re*

*Gore*, 251 S.W.3d at 699.  Even when an abatement is not "indefinite," if it completely curtails the prosecution of an entire case and denies a party the right to proceed with full discovery or to resolution within a reasonable time, the aggrieved party has no adequate remedy by appeal and mandamus may issue.  *See In re Shulman*, 2017 WL 6331176, at *4; *In re Gore*, 251 S.W.3d at 699–700; *see also In re Baldridge*, No. 04-16-00011-CV, 2016 WL 1128236, at *4 (Tex. App.—San Antonio Mar. 23, 2016, orig. proceeding) (mem. op.).  By its nature, abatement of an action not only precludes the trial court from going forward on a case, it prohibits the parties from proceeding in any manner until the case has been reinstated.  *In re Am. Homes for Rent Properties Eight, L.L.C.*, 498 S.W.3d at 155–56; *In re Immobiliere Jeuness Establissement* 422 S.W.3d at 916–17; *In re Kimball Hill Homes Tex., Inc.*, 969 S.W.2d 522, 527 (Tex. App.—Houston [14th Dist.] 1998, orig. proceeding).

Here, the trial court's abatement order required the abatement of the underlying case "pending the conclusion (by trial or settlement) of cause no. 11466 pending in the Probate Court of De Wittt County, Texas."  We conclude that the trial court abused its discretion by rendering an abatement order which completely curtails the prosecution of an entire case and denies the parties the right to proceed with full discovery or to resolution within in a reasonable time.  *See In re Shulman*, 2017 WL 6331176, at *4; *In re Gore*, 251 S.W.3d at 699–700; *see also In re Baldridge*, 2016 WL 1128236, at *4.  There is nothing in the record before us that enables us to determine when the abatement imposed by the trial court's order will end.  To the extent that the real parties argue that the abatement will end after resolution of the October trial in the separate case and therefore is not "indefinite," we note that whether the trial court's order exceeded its

6

discretion "does not turn solely on whether the abatement is 'indefinite.'" *In re Gore*, 251 S.W.3d at 700. By completely curtailing prosecution of the entire case, the abatement order at issue here was impermissibly overbroad. *See id.*; *see also In re Shulman*, 544 S.W.3d at 870. Though the order is not by its technical terms indefinite, the abatement's uncertain termination date causes us to conclude that it was an abuse of discretion.

The real parties contend that Benge has failed to show how mandamus would protect important substantive and procedural rights from impairment or loss and she cannot demonstrate that mandamus relief would give needed and helpful direction to the law. They urge that a balance of jurisprudential considerations weighs heavily against mandamus relief. We conclude, however, that Benge lacks an adequate remedy by appeal and mandamus may issue. *See In re Am. Homes For Rent Props. Eight, LLC*, 498 S.W.3d at 155–56; *In re Immobiliere Jeuness Establissement*, 422 S.W.3d at 914; *Trapnell*, 785 S.W.2d at 429. Here, Benge is effectively denied any method of challenging the court's action for an indefinite period during which her cause of action remains in stasis. Because a trial judge may not arbitrarily halt trial proceedings, mandamus will lie to compel a trial judge to proceed to trial and judgment. *Trapnell*, 785 S.W.2d at 429.

## IV. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the response, and the record, is of the opinion that Benge has established her right to mandamus relief. Because the trial court abused its discretion in granting the joint motion to abate, mandamus is proper. *See In re Immobiliere Jeuness Establissement*, 422 S.W.3d at 914. Accordingly, we conditionally grant the petition for writ of mandamus and direct the trial court to vacate its order of abatement in the underlying lawsuit. We trust

7

that the trial court will promptly comply with this opinion and order.  The writ will issue only

if the trial court fails to do so.

NORA L. LONGORIA<br>Justice

Delivered and filed the
3rd day of July, 2018.