In re **DISCOVERY OPERATING, INC.**

No. 11-06-00301-CV.

Court of Appeals of Texas, Eastland.

Feb. 15, 2007.

Deborah Essig Taylor, Brewer & Pritchard, P.C., Houston, James V. Hammett, Lampasas, for appellant.

Rodney Satterwhite, Pat Long Weaver, Stubbeman, McRae, Sealy, Laughlin & Browder, Inc., Midland, Brian Roger Sullivan, McElroy, Sullivan & Miller, LLP, Austin, for real party in interest.

Panel consists of WRIGHT, C.J., McCALL, J., and McCLOUD, S.J.*

## OPINION

AUSTIN McCLOUD, Senior Justice (Retired).

Discovery Operating, Inc. filed suit against BP America Production Company

for damages arising from BP's use of two saltwater injection wells in the vicinity of Discovery's oil and gas lease. Discovery asserted claims for negligence, negligence per se, and common law and statutory waste.[1] Discovery alleged that BP had violated its injection-well permits and the rules and regulations of the Texas Railroad Commission. The district court abated the proceedings until such time as the Texas Railroad Commission determines whether BP violated any commission rules, regulations, or permits. The Railroad Commission, having previously refused BP's request for a hearing because there was no live complaint pending with the Railroad Commission, agreed to consider the matter upon referral by the district court. Discovery has filed a petition for writ of mandamus in our court requesting that the order of abatement be vacated and the referral to the Railroad Commission be withdrawn. We conditionally grant the petition for writ of mandamus.

 Mandamus is an extraordinary remedy that is available to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992) (orig. proceeding). A trial court has no discretion in determining what the law is or in applying the law to the facts. *Id.* at 840; *see also In re D. Wilson Constr. Co.*, 196 S.W.3d 774, 780–81 (Tex.2006).

Discovery contends that the trial court erred in finding that the Railroad Commission had exclusive or primary jurisdiction over the matters involved in this case and

---

* Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

1. We note that, in its fourth amended petition, Discovery also sought an injunction against

BP's continued use of the injection wells but that, upon BP's filing of a plea in abatement, Discovery expressly abandoned its request for an injunction.

that the trial court had no discretion to abate the proceedings. Discovery relies in large part on Sections 85.321 and 85.322 of the Texas Natural Resources Code. Tex. Nat. Res.Code Ann. §§ 85.321–.322 (Vernon 2001). These sections provide as follows:

### § 85.321. Suit for Damages

A party who owns an interest in property or production that may be damaged by another party violating the provisions of this chapter that were formerly a part of Chapter 26, Acts of the 42nd Legislature, 1st Called Session, 1931, as amended, or another law of this state prohibiting waste or a valid rule or order of the [railroad] commission may sue for and recover damages and have any other relief to which he may be entitled at law or in equity. Provided, however, that in any action brought under this section or otherwise, alleging waste to have been caused by an act or omission of a lease owner or operator, it shall be a defense that the lease owner or operator was acting as a reasonably prudent operator would act under the same or similar facts and circumstances.

### § 85.322. Proceedings Not to Impair Suit for Damages

None of the provisions of this chapter that were formerly a part of Chapter 26, Acts of the 42nd Legislature, 1st Called Session, 1931, as amended, no suit by or against the [railroad] commission, and no penalties imposed on or claimed against any party violating a law, rule, or order of the commission shall impair or abridge or delay a cause of action for damages or other relief that an owner of land or a producer of oil or gas, or any other party at interest, may have or assert against any party violating any rule or order of the commission or any judgment under this chapter.

BP contends that mandamus is improper because the Railroad Commission has either exclusive or primary jurisdiction over issues involving underground injection. BP asserts that the Railroad Commission's exclusive or primary jurisdiction stems from the Federal Safe Drinking Water Act, 42 U.S.C. §§ 300f–300j; from the Texas Legislature's designation of the Railroad Commission as the agency responsible for underground injection control; and from precedent from the Texas Supreme Court.

■■■ Texas district courts are courts of general jurisdiction, and a constitutional presumption exists that a district court has subject matter jurisdiction absent a showing to the contrary. See In re Entergy Corp., 142 S.W.3d 316, 322 (Tex.2004); Subaru of Am., Inc. v. David McDavid Nissan, Inc., 84 S.W.3d 212, 220 (Tex.2002). Conversely, there is no presumption that administrative agencies, such as the Railroad Commission, are authorized to resolve disputes. Agencies may exercise only those powers that have been clearly and expressly conferred by law. David McDavid Nissan, 84 S.W.3d at 220. Neither an agency nor a court may grant additional authority or excess power to an agency. Id. Furthermore, whether an agency has exclusive or primary jurisdiction is a question of law to be reviewed de novo. Id. at 222.

### Exclusive Jurisdiction

■■■ An agency has exclusive jurisdiction when the legislature has granted to it the sole authority to make an initial determination in a dispute, i.e., when a pervasive regulatory scheme indicates that the legislature intended for the regulatory process to be the exclusive means of remedying the problem. Id. at 221. Determining whether an agency has exclusive jurisdiction requires statutory construction and

raises jurisdictional issues. *Id.* at 222. When an agency has exclusive jurisdiction, a trial court generally lacks subject matter jurisdiction until all administrative remedies have been exhausted. *Entergy,* 142 S.W.3d at 321–22.

■ Although we agree with BP's assertion that the Texas Legislature has designated the Railroad Commission as the agency responsible for underground injection control, we disagree with its conclusion that this designation gives the Railroad Commission exclusive jurisdiction over the matters involved in this case. Pursuant to statute, oil and gas production, including not only the conservation of oil and gas but also the disposal of waste and the operation of injection wells, is regulated by the Railroad Commission. *See* TEX. NAT. RES.CODE ANN. chs. 81, 85, 91 (Vernon 2001 & Supp.2006); TEX. WATER CODE ANN. § 26.131 (Vernon 2000), § 26.135 (Vernon Supp.2006), ch. 27 (Vernon 2000 & Supp.2006). Although the Natural Resources Code and the Water Code² provide for a pervasive regulatory scheme involving the production of oil and gas, these same Codes specifically provide for the right of private causes of action. With respect to the conservation or waste of oil and gas, Section 85.321 of the Natural Resources Code provides that a party who owns an interest in property or production "may sue for and recover damages and have any other relief to which he may be entitled." With respect to remedies available under the Water Code, Section 7.004 refers to "the right of a private corporation or individual to pursue any available common law remedy." TEX. WATER CODE ANN. § 7.004 (Vernon 2000). Based upon our review of the applicable statutes, we cannot hold that the legisla-

ture intended for the Railroad Commission to have exclusive jurisdiction over the matters involved in this case. The plain language of Sections 85.321 and 85.322 clearly indicates that the legislature did not intend for the regulatory process to be the exclusive means of remedying the problem but, rather, that the legislature intended for aggrieved parties to have a right to bring suit and litigate their causes of action in an appropriate court. *See In re Apache Corp.,* 61 S.W.3d 432, 435–36 (Tex.App.-Amarillo 2001, orig. proceeding).

■ BP also asserts that the Railroad Commission derives exclusive jurisdiction over the matters in this case from the Federal Safe Drinking Water Act. The purpose of this Act is to protect public drinking water. Pursuant to the Act, the Railroad Commission is responsible for administering the underground injection control program in Texas. 40 C.F.R. § 147.2201 (2006). However, nothing in the Act or in the designation of the Railroad Commission as the administrator reflects an intent for the regulatory process to be the exclusive means of remedying the problem in this case. To the contrary, Chapters 81, 85, and 91 of the Natural Resources Code and Chapters 26 and 27 of the Water Code, among other statutes, were specifically included as "part of" the approved underground injection control program in Texas. 40 C.F.R. § 147.2201(b). As noted above, these statutes authorize aggrieved parties to bring suit and litigate their causes of action in an appropriate court.

Based upon our review of the pleadings in this case and the applicable statutes and case law, we hold that the Railroad Com-

2. Although BP does not cite the Water Code in support of its position in this court, it did cite the Water Code in its supplemental brief in support of the plea in abatement filed in the trial court.

mission does not have exclusive jurisdiction over the matters involved in this case.

### Primary Jurisdiction

An agency that does not have exclusive jurisdiction may nevertheless have primary jurisdiction. The primary jurisdiction doctrine, which was judicially created, allocates power between courts and agencies when both have the authority to make initial determinations in a dispute. *David McDavid Nissan,* 84 S.W.3d at 221. Pursuant to this doctrine:

> Trial courts should allow an administrative agency to initially decide an issue when: (1) an agency is typically staffed with experts trained in handling the complex problems in the agency's purview; and (2) great benefit is derived from an agency's uniformly interpreting its laws, rules, and regulations, whereas courts and juries may reach different results under similar fact situations.

*Id.* When an agency has primary jurisdiction, abatement by the trial court is appropriate so that the agency has an opportunity to act on the matter. *Butnaru v. Ford Motor Co.,* 84 S.W.3d 198, 208 (Tex.2002).

The Texas Supreme Court has "addressed the issue of the Railroad Commission's primary jurisdiction on several occasions, and found it not to be so broad-sweeping as to oust the courts of jurisdiction just because the Commission might have jurisdiction to determine some facts related to the controversy." *Amarillo Oil Co. v. Energy–Agri Prods., Inc.,* 794 S.W.2d 20, 26 (Tex.1990). In *Gregg v. Delhi–Taylor Oil Corp.,* 162 Tex. 26, 344 S.W.2d 411 (1961), the supreme court recognized that the Railroad Commission had extensive powers to make rules and regulations to prevent oil and gas waste and protect the rights of owners of oil and gas interests. The court held, however, that the Railroad Commission did not have primary jurisdiction to prevent a subsurface trespass by an oil and gas lessee. *Gregg,* 344 S.W.2d at 415. The court reasoned that the trial court had original jurisdiction to ascertain whether a trespass was being committed and to enjoin such trespass because the questions presented were "primarily judicial in nature." *Id.*

Consequently, the primary jurisdiction doctrine does not apply to actions or disputes that are inherently judicial in nature and over which the legislature has not vested exclusive jurisdiction in an administrative body. *Id.; Apache,* 61 S.W.3d at 436. In *Apache,* a case involving water contamination allegedly caused by oil and gas production, the Amarillo court held that the following causes of action were inherently judicial in nature: trespass, negligence, negligence per se, nuisance, negligent and intentional infliction of emotional distress, and strict liability. *Apache,* 61 S.W.3d at 436.

Although we do not doubt that the Railroad Commission is staffed with experts trained in handling the problems arising in this case regarding the alleged violations of commission permits and rules or that a benefit would be derived from the Railroad Commission's uniform interpretation of its rules and regulations, we nevertheless hold that the Railroad Commission does not have primary jurisdiction in this case. First, like the court in *Apache,* we find the causes of action asserted in this case—negligence, negligence per se, and waste—to be inherently judicial in nature. *See also Exxon Corp. v. Miesch,* 180 S.W.3d 299, 317–18 (Tex.App.-Corpus Christi 2005, pet. granted) (a private cause of action exists under Section 85.321 for statutory waste). Second, we cannot apply the judicially created doctrine of primary jurisdiction in direct contravention of the mandate of the legislature in Section 85.322 that a cause of action for damages

or other relief shall not be impaired, abridged, or delayed.

 Having determined that the Railroad Commission does not have exclusive or primary jurisdiction, we must determine whether mandamus is appropriate in this case. The trial court's misapplication of the law in determining that abatement was appropriate despite the clear language of Sections 85.321 and 85.322 constitutes a clear abuse of discretion. *See Walker,* 827 S.W.2d at 840. An abatement in this case not only violates Section 85.322 but also could usurp Discovery's ability to present its claim at trial and prevent a decision on the merits. If the Railroad Commission were to interpret its permits, rules, or regulations contrary to Discovery's position in this case, Discovery could not collaterally attack such interpretation in the trial court unless the order of the Railroad Commission was void on its face. *Corzelius v. Harrell,* 143 Tex. 509, 186 S.W.2d 961 (1945); *Arkla Exploration Co. v. Haywood, Rice & William Venture,* 863 S.W.2d 112, 116 (Tex.App.-Texarkana 1993, writ dism'd by agr.). Furthermore, when a trial court sustains a plea in abatement, the plaintiff is "effectively denied any other method of challenging the court's action for an indefinite period of time during which the cause of action remains in a suspended state." *Trapnell v. Hunter,* 785 S.W.2d 426, 429 (Tex.App.-Corpus Christi 1990, orig. proceeding). Mandamus will lie to compel a trial court to proceed to trial and judgment when the trial court has arbitrarily halted trial proceedings. *Id.* (citing *Cleveland v. Ward,* 116 Tex. 1, 285 S.W. 1063, 1068 (1926)). Accordingly, we hold that mandamus is an appropriate remedy in this case because Discovery has no adequate remedy by appeal.

Because the Railroad Commission has neither exclusive nor primary jurisdiction and because Discovery has no adequate remedy by appeal, Discovery's petition for writ of mandamus is conditionally granted. *In the event that the trial court does not rescind its October 3, 2006 order of abatement, then a writ of mandamus shall issue.*