Petition
for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed July 28,
2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-11-00382-CV



 

In Re Malaika Adan,
Relator



 



ORIGINAL
PROCEEDING



WRIT OF MANDAMUS

190th District
Court

Harris County

Trial Court Cause No. 2010-47551



MEMORANDUM 
OPINION

On May 2, 2011, relator Malaika Adan filed a petition
for writ of mandamus in this court.  See Tex. Gov’t Code Ann. §22.221; see
also Tex. R. App. P. 52.  In the petition, relator asks this court to
compel the Honorable Patricia Kerrigan, presiding judge of the 190th District
Court of Harris County to vacate the order of abatement in cause number
2010-47551, styled Malaika Adan v. Beth Yeshua Hamashiach and Sharpstown
Baptist Church.  The issue in this case is whether the Texas Department of
Licensing and Regulation (“TDLR”) has primary jurisdiction over threshold
questions of the applicability of the Texas Architectural Barriers Act (“TABA”)
and the Texas Accessibility Standards (“TAS”).  We conclude that it does not,
and conditionally grant mandamus relief.

Background

Relator is a member of Beth Yeshua Hamashiach, a
Jewish synagogue that rents space from the Sharpstown Baptist Church. 
According to her petition relator is confined to a wheelchair, which is too
wide for the restroom facilities at the church.  Relator used the restroom in
the sanctuary of the building until Sharpstown complained she was scratching
the stall door.  As a result of the scratched door, relator was told to use a
restroom in the church’s gym.  Relator alleged that the restroom in the gym was
inaccessible for a number of reasons.  In response to being asked to use
another restroom, relator allegedly made “rancorous and divisive” remarks about
the leadership of Beth Yeshua and Sharpstown Baptist Church.  Subsequently,
Beth Yeshua sent a letter informing relator:

After much prayer, biblical counsel and consultation, the
leadership of Beth Yeshua HaMashiach has decided on the following findings in
order for you to be restored and allowed to attend Beth Yeshua again.

a) You are not allowed on the premises of Sharpstown
Baptist Church for six weeks from Feb. 11th 2010.

b) You must send an apology letter to Rabbi Jim Pratt,
Kathleen Elowitz, Steve Mullins & Pastor Mike Jeter showing evidence of
repentance.

c) You are allowed only on the Sharpstown Baptist Campus if
approved by Sharpstown’s Leadership.

Following receipt of this letter, relator filed suit
against Beth Yeshua and Sharpstown alleging

·       
violation of the Americans with Disabilities Act (“ADA”), TABA,
and TAS, and 

·       
discrimination under section 121.003 of the Texas Human Resources
Code based on the churches’ failure to make reasonable accommodations in policies,
practices, and procedures.

Real-parties-in-interest, Beth Yeshua and Sharpstown
answered relator’s petition and filed a motion to dismiss, or in the
alternative, abate for exhaustion of administrative remedies.  Specifically, real
parties allege that relator’s claim should be dismissed as not ripe because the
TDLR is charged with administering the TABA, or the suit should be abated
because TDLR has primary jurisdiction over relator’s claims for relief under
the TABA.  The trial court granted real parties’ motion to abate pending
“appropriate determinations by the Commission” and ordered the case abated “until
further order of this Court.”[1] 
Relator filed a petition for writ of mandamus in this court alleging the trial
court abused its discretion in abating the case.

The
Controversy

The intent of the TABA is “to eliminate, to the
extent possible, unnecessary barriers encountered by persons with disabilities,”
and “to ensure that each building and facility subject to [the TABA] is
accessible to and functional for persons with disabilities without causing the
loss of function, space, or facilities.”  Tex. Gov’t Code Ann. § 469.001.  The
application of the TABA is limited to public buildings or facilities
constructed or substantially renovated on or after January 1, 1970, and
privately funded buildings or facilities defined as commercial facilities by
the ADA.  Tex. Gov’t Code Ann. § 469.003(a)(1) & (5).  The standards
adopted by the TABA “do not apply to a place used primarily for religious
rituals within a building or facility of a religious organization.”  Tex. Gov’t
Code Ann. § 469.003(c).  

The real parties in interest, Beth Yeshua and
Sharpstown Baptist Church, contend that the expertise of the TDLR is necessary
to determine whether the TABA applies to their facility.  They argue that the
agency has primary jurisdiction over this threshold issue, which must be
answered before relator may move forward with her suit.  Relator argues that
while the TDLR is charged with administering and enforcing the TABA, the
applicability of the TABA is of such a nature that agency expertise is not required.

Mandamus
Standard

To obtain mandamus relief a relator must show that
the trial court clearly abused its discretion and that the relator has no
adequate remedy by appeal.  In re Prudential Ins. Co. of Am., 148 S.W.3d
124, 135–36 (Tex. 2004).  A trial court abuses its discretion if it fails to
analyze or apply the law correctly.  In re Kuntz, 124 S.W.3d 179, 181
(Tex. 2003).  An adequate remedy by appeal does not exist under circumstances
such as those presented here because the plaintiff is “effectively denied any
other method of challenging the court’s action for an indefinite period of time
during which the cause of action remains in a suspended state.”  In re
Discovery Operating, Inc., 216 S.W.3d 898, 904 (Tex. App.—Eastland 2007,
orig. proceeding); cf. In re Southwestern Bell Telephone Co., 226 S.W.3d
400, 403 (Tex. 2007) (finding no adequate remedy by appeal when trial court
denied abatement because proceeding with trial would interfere with function
and purpose of agency).

Primary
Jurisdiction

Trial courts are courts of general jurisdiction.  Subaru
of America, Inc. v. David McDavid Nissan, Inc., 84 S.W.3d 212, 220 (Tex.
2002).  The Texas Constitution provides that a trial court’s jurisdiction
“consists of exclusive, appellate, and original jurisdiction of all actions,
proceedings, and remedies, except in cases where exclusive, appellate, or
original jurisdiction may be conferred by this Constitution or other law on
some other court, tribunal, or administrative body.”  Tex. Const. art. V, § 8. 
Courts of general jurisdiction presumably have subject matter jurisdiction
unless a contrary showing is made.  Id.  A similar presumption does not
exist for administrative agencies, which may exercise only those powers the law
confers upon them in clear and express statutory language and those reasonably
necessary to fulfill a function or perform a duty that the legislature has
expressly placed with the agency.  In re Entergy Corp., 142 S.W.3d 316,
322 (Tex. 2004).  As a creature of the legislature, an agency exercises only
those powers conferred by statute.  Public Util. Comm’n v. City Pub. Serv.
Bd., 53 S.W.3d 310, 316 (Tex. 2001). 

Real parties argue that referral to the TDLR and
abatement of the suit is required because the TDLR has primary jurisdiction
over whether the TABA applies to the building at issue.  The primary-jurisdiction
doctrine allocates power between courts and agencies when both have authority
to make initial determinations in a dispute.[2]
 Subaru of Am. v. David McDavid Nissan, Inc., 84 S.W.3d 212, 221 (Tex. 2002).
 Under this administrative law doctrine, trial courts should allow an
administrative agency to initially decide an issue when (1) the agency is
staffed with experts trained in handling complex problems within the agency’s
purview, and (2) great benefit is derived from the agency’s uniform
interpretation of laws within its purview and the agency’s rules and
regulations whereas courts and juries might reach differing results under
similar fact situations.  Id.  

Here, real parties urge the TDLR should make the
following determinations in the first instance: (1) whether the facility is
subject to the TABA — that is, “a place used primarily for religious rituals
within a building or facility of a religious organization”; and (2) whether the
facility violates the TABA.  No Texas court has specifically addressed the
issue of the TDLR’s primary jurisdiction.  However, two courts have addressed
whether the TABA applies to particular facilities without resort to agency assistance. 
In Spector v. Norwegian Cruise Line Ltd., No. 01-02-00017-CV, 2004 WL
637894 at *9–10 (Tex. App.—Houston [1st Dist.] March 30, 2004, no pet.) (memo.
op.), the First Court of Appeals determined that the TABA and TAS did not apply
to a cruise ship that had never sailed in Texas waters.  In Sapp v. MHI
Partnership, Ltd., 199 F.Supp. 578, 588–89 (N.D. Tex. 2002), a federal
district court determined that a model home/sales office was subject to the
TABA because it was considered a public facility.  

Similarly, federal district courts evaluating the
religious-organization exception under the Americans with Disabilities Act
(“ADA”), upon which the Texas statute was modeled, also resolve the application
of the statute without the necessity of U.S. Access Board input.  These courts
examine various factors, including the purpose of the organization, whether it
has a religious curriculum, and whether it is a tax exempt organization.  See
Rose v. Cahee, 727 F. Supp.2d 728, 746 (E. D. Wis. 2010).  Moreover, these
courts resolve the religious-organization issue, a mixed question of fact and
law, based upon a full evidentiary record and adversarial proceeding in order
to afford a claimant the opportunity to contest the religious exemption urged. 
See Doe v. Abington Friends School, 480 F.3d 252, 257–58 (3d Cir. 2007).
 The inquiry at issue is more akin to cases in which the action or dispute is
inherently judicial in nature and over which the legislature has not vested primary
jurisdiction in an administrative body.  Discovery Operating, 216 S.W.3d
at 904 (citing Gregg v. Delhi-Taylor Oil Corp., 162 Tex. 26, 344 S.W.2d
411 (1961)).  In Discovery Operating, Discovery Operating filed suit
against BP America Production Company, and alleged that BP had violated its
injection-well permits and the rules and regulations of the Texas Railroad
Commission.  Id. at 901.  The trial court abated the case for
consideration by the Railroad Commission.  Id.  The court of appeals
found that the Texas Supreme Court had addressed the issue of the Railroad
Commission’s primary jurisdiction on several occasions and “found it not to be
so broad-sweeping as to oust the courts of jurisdiction just because the
Commission might have jurisdiction to determine some facts related to the
controversy.”  Id. at 904 (quoting Amarillo Oil Co. v. Energy-Agri
Prods., Inc., 794 S.W.2d 20, 26 (Tex. 1990)).  The court determined the
Railroad Commission did not have primary jurisdiction because the dispute was
judicial in nature.  Id. at 905.

In contrast, in In re Southwestern Bell, the
supreme court determined that the Public Utility Commission (“PUC”) had primary
jurisdiction over a district court in an action involving the threshold
questions about the meaning and effect of certain telephone interconnection
agreements.  226 S.W.3d at 403–404.  In that case, the supreme court determined
that the PUC is staffed with experts “who routinely consider the validity and
enforceability of interconnection agreements.”  Id. at 403.  The court
further determined that the uniform interpretation of the agreements by the PUC
provides great benefit.  Id. at 404.  In that case, conflicting jury
verdicts and rulings by different courts, the supreme court determined, could
inhibit competition, compromise the agency’s ability to perform its regulatory
duties, and frustrate Congress’s goal of providing opportunity for competition
in the local market.  Id.  

Here, real parties identify no specific expertise of
the TDLR in determining the application of the TABA to a particular facility. 
The statute contemplates an advisory board comprised of “building professionals
and persons with disabilities.”  See Tex. Gov’t Code Ann. § 469.053.  However,
nothing in the statute suggests that the advisory board has an expertise in
determining the application of the architectural barriers administrative rule
for “Places Used Primarily for Religious Rituals”; nor does a particular
expertise appear appropriate for identifying applicability under the rule.  See
Architectural Barriers Administrative Rules § 68.30(8).[3]  

Petitioner correctly urges that there is no
uniformity to be derived from deferring to the TDLR in a case such as this. 
Whether a facility qualified for an exemption as a “place used primarily for
religious rituals within a building” or a “facility of a religious
organization” is unique to the facts and circumstances of the particular
facility.

Real parties further assert that section 51.051 of
the Texas Occupations Code invests the TDLR with primary jurisdiction over the
applicability of the TABA.  The code section provides:

(a) The Texas Department of Licensing and Regulation is the
primary state agency responsible for the oversight of businesses, industries,
general trades, and occupations that are regulated by the state and assigned to
the department by the legislature.

(b) The department is governed by the commission.

Neither the Occupations Code, nor the TABA invests the
TDLR with such broad-sweeping oversight authority as to oust the courts of
jurisdiction over the dispute at issue here.   

Having determined the TDLR does not have primary
jurisdiction, we must determine whether mandamus is appropriate.  This court
and the trial court must presume the trial court has jurisdiction over
relator’s suit, and the real parties have not shown that the Texas Constitution
or some other law gives exclusive or primary jurisdiction over such claims to
the TDLR.  Therefore, the trial court has jurisdiction, and it was an abuse of
discretion to abate the case pending a ruling by the agency.  When a trial
court erroneously sustains a plea in abatement, mandamus is appropriate if the
plaintiff is “effectively denied any other method of challenging the court’s
action for an indefinite period of time during which the cause of action
remains in a suspended state.”  Discovery Operating, 216 S.W.3d at 905
(quoting Trapnell v. Hunter, 785 S.W.2d 426, 429 (Tex. App.—Corpus
Christi 1990, orig. proceeding)).  Under these facts, we find that mandamus is
an appropriate remedy because relator has no adequate remedy by appeal.  

Relator’s petition for writ of mandamus is
conditionally granted. We are confident the trial judge will vacate the order
of abatement, and only in the event she does not will a writ issue.

 

                                                                                    

                                                                        /s/        Sharon
McCally

                                                                                    Justice

 

 

 

Panel consists of Justices Frost,
Jamison, and McCally.

 









[1]
Neither the order of the trial court nor real parties’ argument on primary
jurisdiction makes clear which party has the obligation to seek a ruling from
TDLR or whether any party has solicited such ruling.  By abatement rather than
dismissal, the trial court implicitly rejected real parties’ exclusive
jurisdiction argument and the associated exhaustion threshold.  It is clear,
however, that real parties did not seek a ruling from TDLR prior to relator
instituting this proceeding.  Thus, on this record, the case is abated
indefinitely.





[2]
As mentioned, the trial court rejected real parties’ exclusive jurisdiction
argument.  Under the exclusive jurisdiction doctrine, the agency alone has the
authority to make the initial determination in a dispute and, therefore, the
party must exhaust its administrative remedies prior to filing suit.  See
Cash America International, Inc. v. Bennett, 35 S.W.3d 12 (Tex. 2000).





[3]
The administrative rule provides in pertinent part, that “[t]his exemption does not apply to common use areas.
Examples of common use areas include, but are not limited to, the following:
parking facilities, accessible routes, walkways, hallways, toilet facilities,
entrances, public telephones, drinking fountains, and exits.”